## Kenege *against* Elliott.

A ground rent reserved upon a conveyance in fee is in Pennsylvania a rent service, to which the right of distress is incident of common right; but the payment of it cannot be enforced by an action of ejectment.

ERROR to the common pleas of *Cumberland* county.

Joseph Kenege against James Elliott.

This was an action of ejectment for a lot of ground in the town of Springfield, in which the plaintiff in error was the plaintiff below, and in which the parties agreed to the following special verdict.

The following facts are agreed upon to be considered as a special verdict, with the right to either party to sue out a writ of error in the usual way. A larger tract of land, embracing the property in dispute, was granted by the commonwealth to William M'Cracken and Samuel Findley by patent, dated the 24th of November 1785.

Samuel Findley by deed, dated the 21st of January 1791, conveyed all his right and title to William M'Cracken.

William M'Cracken set apart a portion of the tract as a site for the town of Springfield, and laid it off in lots, 60 feet by 100, sold and conveyed several lots in his life time, but not the one in question.

He died intestate; and proceedings were duly had in the orphans' court of Cumberland county, by which the said tract of land, not previously conveyed, was vested in his son, Samuel F. M'Cracken, his heirs and assigns, in July 1806. (See the proceedings in the orphans' court, September 9, 1806.) By this proceeding, the property in question was duly vested in Samuel F. M'Cracken.

Samuel F. M'Cracken made his deed, duly executed, the 30th

[Kenege v. Elliott.]

of September 1809, to Robert Peebles, a copy of which is here to be inserted. It is numbered in book T. vol. 1, page 257, in the recorder's office at Carlisle.

Robert Peebles and wife by their deed, dated the 18th of April 1811, conveyed lot No. 16, as therein described, in the town of Springfield, being part of the aforesaid tract of land, to Samuel Williamson, his heirs and assigns, with the reservation therein—said deed here to be inserted. This deed was not recorded.

Samuel Williamson being so seised, a judgment was had against him, in the court of common pleas, on the 10th of April 1813, No. 27, of August term, 1812, at the suit of James Huston, *fieri facias* issued; the lot mentioned was levied on, inquisition had, property condemned, and, by virtue of a writ of *venditioni exponas*, the property so levied on was sold by Andrew. Boden, Esq., sheriff, on the 6th of August 1813, in due form, to Henry James for the sum of 150 dollars and 25 cents; prout records of the court of common pleas and the deed of said sheriff duly acknowledged the 7th of August 1813. Possession was immediately taken under the last mentioned deed, and has been held and continued by Henry James and those claiming under him up to the present time.

Henry James and wife sold and conveyed the same property to Josiah Hood, his heirs and assigns, by deed dated the 25th of April 1829. Recorded the 20th of June, 1829.

Josiah Hood and wife sold and conveyed the same to James Elliot, his heirs and assigns, by deed dated the 27th of May 1830. Recorded the 9th of August 1820. James Elliot is in possession, holding and claiming as owner.

On the 15th of April 1815, Robert Peebles sold and conveyed to Joseph Kenege, the plaintiff in this suit, his heirs and assigns, by deed of that date, duly executed, a certain tract of land as therein described. Which deed also makes part of this verdict; not recorded.

The following receipts are found to be true.

" Received March 26, 1820, of Mr Henry James two dollars and 66 cents, it being two years ground rent, the last due April 1, 1820.
Signed,　Joseph Kenege."

" November the 26th 1825, received of Richard Patton six dollars and 47 cents, for five years' ground rents, the last being due on April the 1st 1825. It being for five years' ground rent for Henry James' house and lot in Springfield. By me, Joseph Kenege."

The parties also agree that James, the purchaser at sheriff's sale, and those claiming under him, have been in possession of the lot ever since the date of his deed; that during that time there was always personal property on the premises sufficient to pay the rent; and that Elliot, the defendant, always after he purchased the lot, and before this suit was brought, declined to pay the rent, alleging that he was not liable, and would not pay the same. No formal demand on the premises was made by the plaintiff.

[Kenege v. Elliott.]

Upon these facts, the jury is ignorant whether in law the plaintiff is entitled to recover or not, and ask the advice of the court. If upon the said facts he is in law entitled to recover, we find for the plaintiff, with six cents damages and six cents costs, to be released upon the payment of 18 dollars within thirty days after final judgment, being the amount of quit rents and interest unpaid for the said lot since the 1st of April 1829. And if the plaintiff, on said facts, is not in law entitled to recover, then judgment to be entered for the defendant.

April 18, 1811, deed of Robert Peebles and wife to Samuel Williamson, which, after reciting previous title, thus conveys the lot.

" Now this indenture witnesseth, that the said Robert Peebles and Jane his wife, for, and in consideration of the sum of thirty-six dollars, lawful money of the United States, to them in hand paid by the said Samuel Williamson, at and before the ensealing and delivery hereof, the receipt and payment whereof is hereby acknowledged, and thereof acquit and forever discharge the said Samuel Williamson, his heirs, executors and administrators by these presents, have granted, bargained, sold, aliened, enfeoffed, released and confirmed, and by these presents do grant, bargain, sell, alien, enfeoff, release and confirm unto the said Samuel Williamson, and to his heirs and assigns, all that certain lot of land in the town of Springfield, aforesaid, bounded and described as follows, to wit: " Beginning at a post by lands of Joseph Kenege, thence by Main street, thirty-eight and a half feet to lot No. 15, thence by same one hundred and eighty feet to a fifteen feet alley, thence by said alley sixty-five and a half feet to lands of Kenege aforesaid, by the same one hundred and eighty feet to Main street aforesaid, being numbered in the general plan of said town No. 16, together with all and singular the rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in any wise appertaining (subject to the ground-rent of one dollar and thirty-three cents to the said Robert Peebles, his heirs or assigns, on each first day of April, yearly and for every year for ever, and also to the reservations to the commonwealth, as expressed in their patent aforesaid) and the reversions and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, claim and demand whatsoever, of them the said Robert Peebles and Jane his wife, in law, or equity or otherwise howsoever, of, in, to, or out of the same, to have and to hold the said lot of land, hereditaments and premises hereby granted or mentioned, or so intended to be with the appurtenances, (only as before excepted,) unto the said Samuel Williamson, his heirs and assigns, to the only proper use and behoof of the said Samuel Williamson, his heirs and assigns for ever.

And the said Robert Peebles for himself, his heirs, executors and administrators, doth covenant, promise, grant and agree to and

with the said Samuel Williamson, his heirs and assigns by these presents: That he the said Robert Peebles and his heirs, the said mentioned lot No. 16, hereditaments and premises, hereby granted or mentioned, or intended so to be, with the appurtenances, unto the said Samuel Williamson, his heirs and assigns, against him the said Robert Peebles and Jane his wife, and their heirs, and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof, shall and will warrant and for ever defend by these presents. In witness whereof, we have hereunto set our hands and seals, the day and year first above written.''

15th April 1815, deed, Robert Peebles and wife to Joseph Kenege, the plaintiff, after reciting title.

" Now this indenture witnesseth that the said Robert Peebles and Jane, his wife, for and in consideration of the sum of nine thousand, three hundred, thirty dollars, sixty-two cents and a half, good and current bank paper of Pennsylvania, to them in hand paid by the said Joseph Kenege, at and before the ensealing and delivery hereof, the receipt and payment whereof is hereby acknowledged, have granted, bargained and sold, aliened, enfeoffed, released and confirmed, and by these do grant, bargain, sell, alien, enfeoff, release and confirm unto the said Joseph Kenege, and to his heirs and assigns, all that, the following and described piece of land, (being part of the before mentioned tract,) bounded and limited as follows, to wit:—" containing ninety-three acres and forty-nine perches, (neat measure,) together with all and singular the houses, edifices, barns, out-houses and improvements, ways, woods, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances thereunto belonging or in any wise appertaining, (except that ground laid out for the town of Springfield, being part of said tract and out of which the said Joseph Kenege, his heirs and assigns, are only to receive the yearly ground-rents which shall become due thereon forever, also subject to the reservations as expressed in the patent,) and the reversions and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, claim and demand whatsoever of them, the said Robert Peebles and Jane his wife, in law, equity or otherwise, howsoever, of, in, to, or out of the same. To have and to hold the said messuage, tenement and tract of ninety-three acres and forty-nine perches, neat measure, hereditaments and premises hereby mentioned or so intended to be, with the appurtenances (only as before excepted) unto the said Joseph Kenege, his heirs and assigns, to the only proper use and behoof of the said Joseph Kenege, his heirs and assigns for ever, and the said Robert Peebles, for himself and his heirs doth covenant, promise, grant and agree to and with the said Joseph Kenege, his heirs and assigns by these presents, that he the said Robert Peebles and his heirs, the said messuage and tract of land, containing ninety-three acres and forty-nine perches, (neat measure,) and

IX.—X

[Kenege v. Elliott.]

premises hereby granted or intended so to be, with the appurtenances, unto the said Joseph Kenege, his heirs and' assigns, against them the said Robert Peebles and Jane his wife, and their heirs, and against all and every other person or persons, whomsoever lawfully claiming or to claim the same, or any part thereof, shall and will warrant and for ever defend by these presents. In witness whereof we have hereunto set our hands and seals the day and year first above written."

The court below rendered a judgment for the defendant, on the ground that the action would not lie.

*Watts*, for plaintiff in error, contended that the deed conveyed the estate upon condition and relied on the case of Bear *v.* Whisler, 7 *Watts* 144, for the principle that the condition may be enforced in Pennsylvania in the face of a conveyance of the legal title.

*Reed*, for defendant in error, cited 1 *Whart.* 347; 1 *Co. Lit.* 152; 20 *Law Lib.* 28; Roger *v.* Ake, 3 *Penn. Rep.* 64; 1 *Chit. Gen. Prac.* 480.

The opinion of the Court was delivered by

SERGEANT, J.—It would certainly be carrying the doctrine of equitable ejectment to an unwarrantable extreme, to apply it to a case like the present. The plaintiff has parted altogether with the lot by a conveyance in fee, and has neither a legal nor equitable title to the lot, but both are in the defendant by his own showing. Giving the most liberal construction to the conveyances under which the plaintiff holds, he is no more than assignee of the ground rent of 1 dollar and 33 cents per annum, issuing out of the premises which was created by the deed of Peebles to Williamson. His claim is to the rent, and his remedy is for that only. The remedy of ejectment to recover a ground rent is allowed only where a right of re-entry is expressly reserved by the parties, and clauses to this effect are common. But here there is no such right reserved; there is nothing reserved but the rent, and for the recovery of that the plaintiff must resort to the usual remedies for the recovery of rent in arrear. A ground rent reserved upon a conveyance in fee is, in Pennsylvania, a rent service, and to all rent services the right of distress is incident of common right. The assignee of such rent has the same right of distress, there being no reversion in the assignor capable of being retained by him so as to affect the right of distress by the assigned. If our tenure be socage, as I am inclined to think it is, then by the conveyance of the rent the fealty passes, and to fealty distress is inseparably incident. *Co. Lit.* 151. If it be not so, yet all the assignor has passes, and I think the same result follows. Perhaps also there may be other remedies for the recovery of the rent if the defendant is liable for it.

The case of Bear *v.* Whisler, 3 *Watts* 144, has no resemblance to the present. That decides no more than that the vendor may

retain a lien for the purchase-money, notwithstanding he has made a deed; on the face of the deed itself it appears that it was not an absolute deed, but in the nature of an article of agreement, by which the purchaser was to take the land, subject to the payment of the purchase-money, and that in such cases the vendor may still sustain ejectment to enforce payment of the purchase money.

We give no opinion on the other points of the case. We simply decide that this is not a case in which, even if the rent be in arrear, and the defendant is bound to pay it to the plaintiff, ejectment is not the proper remedy to recover it.

Judgment affirmed.