Daniels, J.
The paramount purpose of this action is to secure relief to the plaintiffs from a forfeiture of a term created by a lease executed to them by George Coit and others on April 28, 1880. By the terms of the lease the rent of the demised premises was made payable in advance, in quarterly installments of §.200 each, on the first days of May, August, November and February in each year. The first year’s rent was paid to and received by the lessors, but the quarter’s rent accruing on May 1, and another accruing on August 1, .1881, were not paid, as had been provided for by the terms of the lease. And after the second default, and on August 9, 1881, the lessors, under a clause in the lease authorizing .that to be done, subscribed and served a notice on the plaintiffs, by which they elected to terminate the lease, because of the default of the lessees in the payment of this rent. On the day *35 following the service of this notice, the plaintiffs tendered the rent which had then accrued upon the lease, together with interest, to one of the lessors, who refused to receive it, and insisted upon enforcing the forfeiture of the term. The money so tendered was then placed on deposit in the Bank of Commerce, in the city of Buffalo, and notice of such deposit was given to the lessors. By the terms of the deposit they were at liberty at any time to draw the money from the bank, and it has remained there since the deposit, subject to the same disposition. After these facts had transpired, and on August 15, 1881, the lessors conveyed the premises included in the lease to the New Xork Central & Hudson River Railroad Company, and this company instituted summary proceedings to remove the plaintiffs from the possession of the property. They have since tendered to the agents or officers of the railroad company the rent subsequently accruing, which they declined to receive.
After these proceedings were instituted the plaintiffs commenced this suit to restrain their prosecution, and to be relieved from the forfeiture of their term on account of the non-payment of the rent by them, as it had accrued on the 1st of May, and the 1st of August, 1881. The right to such relief has been resisted by the defendants on the clause inserted in the lease, rendering the term liable to forfeiture when a default in the payment of rent should occur. This clause, so far as it is important to consider it upon this occasion, is in the following form: “And it is expressly agreed that if default be made in the payment of the rent, or any part thereof, . . . then . . the said party of the first part shall have the right at. their election to terminate this lease on first giving to the said party of the second part ten days’ notice of such election, to be served per *36 sonally, or by posting a notice in some conspicuous place in or about the premises hereby let, or if absent from the city, to be left at their last place of residence; and the above mentioned term shall thereupon cease at the expiration of the said ten days in the same manner and to the same effect as if that were the expiration of the original term of this lease. It being further agreed that such election shall be at the discretion of the said party of the first part, and when exercised shall be conclusive ppon the party of the second part.” This clause, providing as it did for the termination of the lease at the election of the lessors whenever default should be made in the payment of rent, although in the form only of a mere stipulation or contract, was still a condition, for it provided for ending the term and forfeiting the estate whenever a default in its observance should take place on the part of the tenants. To entitle it to this effect it was not necessary that any particular form of words should have been adopted ; but it was sufficient that the continuance of the estate was made dependent upon the payment óf the rent, to r’ender the clause conditional in its character. Upon this subject it has been declared to be the law that the effect of such a clause, as to whether it is conditional or not, is to be collected from the terms of the agreement; that it is not dependent on any formal arrangement of the words, but on the reason and sense to be collected from the whole contract, and when the clause in question goes to the whole of the consideration, it shall be read as a condition (2 Parsons on Cont. 6th ed., 526. And to the like effect is Simpson v. Tittnell, Cro. Eliz. 242. It was clearly the intention of the parties by this stipulation or covenant to provide' for a forfeiture. of the term by the tenant, and that necessarily gave it the attributes, even though *37 it had not the form of, a condition. And when a conditional stipulation or covenant of this nature has been broken by the tenants, a right to recover the possession of the premises from them at the expiration of the time for which the notice is given, legally results to the lessors, and that right may be enforced by means of an action of ejectment. It was passingly stated by Jewett, J., in Van Rensselaer v. Jewett, 2 N. Y. 141, that the remedy by ejectment to enforce the payment of rent reserved, was allowed only where a right of re-entry was expressly stipulated for between the parties to the grant (Id. 148, 149).
This dictum proceeded mainly upon the authority of Kenege v. Elliott, 9 Watts, 258. But in the grant in that case there was nothing reserved but the rent, and the plaintiff was therefore held to be restricted in his remedies to those usually resorted to for the recovery of rent in ' arrear. It was properly held in that case that an action of ejectment for the recovery of the property on account of the non-payment of rent could not be maintained, for no provision was contained in the grant of the nature of that inserted in this lease, declaring that the term at the election of the lessors should cease if the rent remained unpaid. In neither of these cases was it necessary for the decisions which were made, to consider the point whether an action of ejectment could not also be maintained for the recovery of the possession of the demised premises, where the term could be ended after a default in the payment of rent; and that such an action might be maintained for the failure to observe a condition of this nature was held in Simpson v. Tittnell. supra, and conceded in Doe v. Watt, 1 Mann. &Ry. 694. In Clark v. Jones, 1 Denio, 510, the clause contained in the lease was substantially the same as that inserted in the present lease. It was in the form of a stipulation by which it was covenanted and agreed that in case the *38 rent due on any quarter-day should remain unpaid for the space of thirty days, -that then and in that case, the lease should cease and determine, etc., and in the opinion which was delivered it was said that, “on the first default for thirty days in paying rent, the lessor might have elected to consider the lease at an end, and have brought ejectment to recover possession” (Id. 519). The same principle has been treated as elementary in its nature by Kent,' in his Commentaries. For he has stated the law to be, that it is usual, in the grant, to reserve in express terms to the grantor and his heirs a right of entry for the breach of the condition, but the grantor, or his heirs, may enter, and take advantage of the breach by ejectment, though there be no clause of entry (4 Kent Comm. 7th ed. 127).
By the result of these authorities it appears to be settled, that the lessors may resort to an action of ejectment for the recovery of the possession of the demised premises, when, under the terms of the lease, the estate of the tenants has become forfeited, although no right of entry is expressly inserted in the lease. The legal rules upon this subject include not only the cases where such a right of re-entry may have been stipulated for, but also those where the lessors’ right to repossess themselves of the possession of the premises, results from the failure to observe a covenant or condition of this nature. But, while the lease provided for a forfeiture of the estate, the condition created was not in the nature of a limitation, for where that is its form, the estate determines at once upon the happening of the contingency upon which the limitaion is made dependent. While, under the clause contained in this lease for the termination of the tenants’ estate in case of the non-payment of the rent, the estate was determinable only upon the election of the lessors, and as long as they omitted to make such an election it continued in the lessees. The clause in the lease, therefore, pro *39 vided merely for the forfeiture of the estate, only in the event that the lessors elected to avail themselves of that right (Beech v. Nixon, 9 N. Y. 35 ; Clark v. Jones, 1 Denio, 516 ; Stuyvesant v. Davis, 9 Paige, 437, 431).
And when such a right of entry upon a forfeiture of the term arises out of the omission to pay the rent, and it may, as it has been already shown, it can, be enforced by ejectment, then the statute providing and securing the right to redeem the term from the forfeiture by the payment of the rent and expenses, becomes applicable to and defines and controls the rights and obligations of the parties. For then there is, in the language of the statute, a subsisting right by law to re-enter and repossess the premises for the non-payment of the rent in arrear. Although not expressly mentioned in the lease, a right of entry was attached by law to the failure of these lessees to pay the rent reserved for the use of the premises. The rent in arrear was for half the year, and by the express language of the statute the landlord was thereupon empowered to bring an action for the recovery of the possession of the demised premises. This was the provision made by 3rd Revised Statutes, 9th ed., 1818, § 1, and it has since been incorporated in the same form in the Code of Civil Procedure, § 1504. Where the right to proceed in this manner has arisen as it did in the present case, the statute is positive in also, at the same time, securing to the tenants the right to defeat the proceedings, and of retaining the possession of the premises by still making payment of the rent in arrear. This, it was provided, might be done at any time before judgment in the case should be recovered, or within six months after possession of the demised premises should be taken by the landlord under an excution issued upon such a judgment. And it was further provided that within that time the lessee might file a bill in a court of equity for relief, and in case of such relief being awarded he *40 should still hold and enjoy the demised premises according to the terms of the original demise (3 R. S. 6 ed. 818, §§ 3-9). And the same provisions securing the right of redemption, and also to some extent simplifying the proceedings have been continued by sections 1506-1508 of the Code of Civil Procedure.* Under these positive provisions of the statutes, which seem to be directly applicable to this case, it is evident that the plaintiffs as tenants of these premises were vested with the right to redeem them from the forfeiture provided for in the lease at the time when the rent in arrear was tendered, on August 10, 1881, to one of the lessors. The provisions of the statute are clear and explicit upon this subject, and secured this right in such terms as to render nothing further on the part of the tenants essential to maintain and preserve their term under the lease. The case was plainly within the statute, and the rights and privileges of the parties have been so declared and defined by it as to render them substantially free from doubt.
Beyond this, under the well-settled principles observed and enforced in courts of equity where such a forfeiture has been provided for as a security to the lessors for the payment of the rent reserved, as. it was by this lease, the tenants have usually been -relieved from the consequences of their fault when a speedy application has been made for that . purpose. The right to forfeit the tenants’ term has been justly regarded as in the nature of a security provided by the terms of the lease to the lessors for the payment of the rent, and for that reason full effect can be given to it by allowing the tenants to pay the rent in arrear with interest in the meantime accruing upon it (1 Story Eq. Jur. 12 ed. § 187).
By the proof given upon the trial, it was also made to appear, that indulgence was extended to the lessees *41 in the payment of the rent reserved by the lease. And while this did not strictly relieve them of the obligation to perform their covenant, it still constituted an excuse for the omission to pay the rent at the time when it matured. It was stated, in substance, by one of the lessors, that the payment of the rent would not be insisted upon, but if the lessees failed to pay when, in the judgment of this lessor, payment ought to be made, notice would be given to them requiring payment. And it was upon, the belief that this delay would be permitted without prejudice to the tenants’ right afterwards to pay, that the omissions to pay at the day were made. This was a very natural result from what was shown to have transpired, and, after the tenants had been irf this manner lured into negligence, it would be a fraud upon them to permit the lessors or their grantee to insist upon the forfeiture. For in the sense and judgment of a court of equity, fraud has been held to include “all acts, omissions, and concealments, which involved a breach of legal, or equitable, duty, trust or confidence, justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another” (1 Story Eq. Jur. 12 ed. § 187).
In no view which can be taken of the law applicable to the facts of this case, have the plaintiffs been deprived of their right to pay the rent which has fallen in arrear under the terms of their lease, and to redeem the premises from "the forfeiture resulting from their default. The case made by them is not only within the remedy provided by the statute, but in addition to that it is supported by the well-settled principles enforced in courts of equity. And an appropriate mode of availing themselves of the right so- secured to them is that of an action of the nature of that now before the court. It may be that the summary proceedings prosecuted for their removal from the de *42 raised premises might have been successfully resisted because of the want of jurisdiction over the case in the tribunal where they were instituted and carried on (Beech v. Nixon, supra).
But it is not important to determine whether the defendants’ proceedings were liable to be controlled by the principle sustained by this authority or not, for it was not essential to the right of the plaintiffs to be relieved that any proceedings whatever should in fact be prosecuted against them for the recovery of the possession of the premises. It was sufficient to entitle them to institute and maintain their action that they had the right to redeem the premises from the forfeiture arising out oE the non-payment, of the rent, and that this right had been denied by the lessors and their grantee. These facts alone, under the circumstances disclosed by the evidence, entitled the plaintiffs to institute their action to be relieved from the consequence of their omission to pay the rent at the times mentioned in the lease. It appeared that they had made valuable improvements upon the property, requiring an expenditure of about $25,000, and the property as it has been improved would produce an annual rental of about $7,000 ; and it would be unjust in the extreme if this term, which was created for the period of ten years, should be allowed to be divested and these improvements appropriated to the use and enjoyment of the grantee of the lessors simply because they had failed to pay the rent, when complete indemnity can be secured to the lessors by computing and adding the interest on the amounts unpaid. A stronger case for the application of the provisions of the statute and the well-settled principles of equity is rarely presented in favor of a tenant, and it would be unconscionable in the extreme to deprive the plaintiffs of relief. Their condition is in no manner ameliorated by the provision made for the removal of the buildings *43 to be erected on the premises, for the reason that this provision only relates to and declares what shall be the lights of the parties at the end of the term of ten years created by the lease. Its application to the case of a forfeiture of the term for the non-payment of rent, is excluded by the language selected to give it expression.
The plaintiffs in the case are entitled to a judgment relieving them from the forfeiture mentioned" in the complaint, and restraining the defendants from taking measures to remove them from the possession of the demised premises, and for the costs of this action.

 Quoted on p. 32 of this volume. '