## Wallace et al. *v.* Fourth U. P. Church, Appellant.

*Ground rent—Statute of limitations—Act of April* 27, 1855.

The purpose of the act of April 27, 1855, was to relieve titles and facilitate the sale of real estate. It fixes twenty-one years as the period over which a purchaser must search for ground rents: if for twenty-one years no payment, demand or acknowledgment of the ground rent can be shown, the act conclusively presumes an extinguishment and declares that the rent shall thereafter be irrecoverable.

*Computation of time—Persons under disability.*

The act of April 27, 1855, makes no exception in behalf of persons under disability when their title accrues, nor of persons taking as heirs at

law or distributees. Where, therefore, no payment or other acknowledgment of a ground rent had been made for twenty-one years, a plaintiff who brought suit within twenty-one years after his title accrued was barred by the statute. When the twenty-first yearly payment fell due and was unpaid without legal claim on the owner of the land the bar of the statute closed and the presumption of extinguishment was complete.

*Unfounded demand—Nonsuit—Effect upon running of statute.*

A suit setting up a title that has no existence, in which a nonsuit is taken, is not a demand that will suspend the running of the statute.

Argued Nov. 5, 1892. Appeal, No. 230, Oct. T., 1892, by defendant, from judgment of C. P. No. 1, Allegheny Co., June term, 1885, No. 226, on verdict for plaintiffs, Chas. Wallace et al., children of Chas. Wallace and heirs of Geo. Wallace. Before PAXSON, C. J., WILLIAMS, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Covenant for arrears of ground rent payable yearly.

The facts appear by the opinion of the Supreme Court.

At the trial, the court, STOWE, P. J., refused binding instructions for defendant, and directed verdict for plaintiff.

*Errors assigned* were, (1, 2) such instructions, quoting them.

*W. S. Miller*, with him *A. M. Brown* and *T. D. Carnahan*, for appellant, cited Pratt v. Eby, 67 Pa. 396, 404; Korn v. Browne, 64 Pa. 55; McQuesney v. Hiester, 33 Pa. 435; Cadwallader on Ground Rents, 232; Hiester v. Shaeffer, 45 Pa. 537; Wickersham v. Irwin, 14 Pa. 110; DeMoss v. Newton, 31 Ind. 219; Stearns v. Gittings, 19 Ill. 376; Call v. Hagger, 8 Mass. 423; Smith v. Morrison, 22 Pick. 430; Angell, Limitations, §§ 22, 194, 485; Cooley, Const. Lim. 366; Foulk v. Brown, 2 Watts, 215; Branham v. San Jose, 24 Cal. 586, 606.

*Levi Burd Duff*, for appellee, cited Church v. Miles, 1 Wh. 229; McQuesney v. Hiester, supra: Shepley v. Lytle, 6 Watts, 500; Palairet's Ap., 67 Pa. 479; Leasure v. Mahoning Twp., 8 Watts, 551; Biddle v. Hooven, 120 Pa. 221; Wood, Limitations, p. 11; Wallace v. Church, 111 Pa. 164; Fordyce v. Godman, 20 Ohio St. 14.

OPINION BY MR. JUSTICE WILLIAMS, January 3, 1893:

The ownership of the ground rent in controversy in this case was in George Wallace, the younger, at the time of his

death in 1826. This was settled in Wallace et al. v. The Church, 111 Pa. 164. By his will George Wallace, the younger, gave the ground rent to his wife, Jane, for life. He left no issue surviving him, and upon the death of Jane Wallace the ground rent fell, so far as we can now see, upon the issue of his brother Charles as his heirs at law. The plaintiffs in this action are among the heirs at law of Charles, and therefore among the heirs at law of George, the younger, the owner of the ground rent; and the learned judge of the court below was right in holding them entitled to recover unless the act of 1855 is in their way. No other question needs to be considered therefore than that of the effect of this statute upon the plaintiffs' title.

It was settled at a very early day in this state that a ground rent is not a rent charge, but a rent service for the enforcement of which a distress is of common right. Ingersoll v. Sergeant, 1 Wh. 337. It cannot be enforced by ejectment unless a right to re-enter for nonpayment of rent is expressly reserved in the deed. Kenege v. Elliott, 9 Watts, 258. An action of debt or covenant for the recovery of ground rent is an action in personam and not in rem. Hiester v. Shaeffer, 45 Pa. 537. Such action would be subject to the presumptions applicable to other actions in personam, such as that money secured by a bond or other sealed instrument will be presumed to be paid after the lapse of twenty years from the time when payment was demandable. It would not be within the operations of the statute of limitations unless included within its terms: Korn v. Browne, 64 Pa. 55.

By the act of 1855 the legislature provided a limitation for ground rents. It is entitled " An act to amend certain defects of the law for the more just and safe transmission and secure enjoyment of real and personal estate." The first, second and third sections relate to the law of descents ; the fourth and fifth to proceedings in partition ; the sixth to presumptions affecting real estate ; the seventh declares " That in all cases where no payment, claim, or demand shall have been made on account of or for any ground rent, annuity or other charge upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises subject to such

ground rent, annuity, or charge, a release or extinguishment thereof shall be presumed, and such ground rent, annuity or charge shall thereafter be irrecoverable."

This section was not to go into effect for three years after its passage, in order to afford opportunity for those who would otherwise be barred by its provisions to bring an action, or secure an acknowledgment from the owner of the land of the continued existence of the ground rent, annuity or other charge, and his liability therefor. There was no other exception or reservation in it. It was intended for the protection of the owner of the land, and to remove stale encumbrances appearing on the records by the application to them of the presumption of an extinguishment by the act of the parties after the lapse of twenty-one years without a legal claim or demand made by the owner of the encumbrance, or an acknowledgment made by the owner of the land bound.

Has the statute run against the plaintiffs in this case? The rent appears to have been regularly paid down to 1863. In March of that year Jane Wallace sold the ground rent in fee to Hayes, stating in her conveyance that she was the absolute owner thereof; and Hayes recorded his deed within a few days after its date. Upon what facts she rested her claim to own the ground rent in fee, and Hayes came to regard her claim as well founded and to pay the full value of the ground rent upon that basis, does not now appear. In May, 1863, Hayes sold and released the ground rent to the church, and thereafter the church claimed that the ground rent was at an end, and that its ownership of the land was an unqualified and an unencumbered fee simple. There was no recognition or acknowledgment of the ground rent thereafter, but, on the contrary, a claim of absolute ownership free and discharged from all claim under the reservation made by George Wallace, the elder, upon his sale to Boyle Irwin. This suit was brought on the second day of April, 1885. This was twenty-one years, ten months and four days after the church ceased to pay rent, and claimed that the right to demand it was extinguished by the sale and the release of Hayes to the church.

But the plaintiffs allege that they ought not to be barred by this lapse of time for two reasons; first, that their right did not accrue till the death of Jane Wallace on the ninth day of

April, 1864, and that the computation should begin at that date; and, second, that an action was brought by them in 1882 which should be held to be a sufficient demand within the meaning of the act of 1855.

In considering the first reason it must be remembered that this act makes no exception in behalf of persons under disability when their titles accrue, nor of persons taking as heirs at law or distributees. In this respect it is like the act of 1713 limiting the right to recover in personal actions. It begins to run when the debt matures or a right of action arises, and the running is not suspended by the death of the creditor, nor by that of the debtor. But it is unlike the act of 1785 which limits the right of entry on real estate to twenty-one years, for in that case there is an express provision that the computation shall begin when the title of the plaintiff "descended or accrued;" and if the plaintiff was then an infant or under disability ten years more are allowed after the disability is removed, "notwithstanding the twenty-one years be expired."

The purpose of the act of 1855 was to relieve titles and facilitate the sale of real estate. It fixes upon an arbitrary period of twenty-one years as that over which the search of a purchaser or other person must extend, and beyond which it shall not be necessary for him to look. If for twenty-one years no payment upon, or acknowledgment of, the ground rent can be shown and no demand for payment has been made, the act conclusively presumes a release and extinguishment of the encumbrance by the act of the parties, and declares that the rent shall thereafter be irrecoverable.

The plaintiffs are the successors in title of Jane Wallace. Her death took place on the ninth day of April, 1864, at which time their title accrued. But in March, 1863, she had released the ground rent to Hayes, declaring in the body of the release that the purpose of the transaction was to extinguish the ground rent altogether; and Hayes, who seems to have been a mere conduit for that purpose, released in turn to the church, making the same declaration of purpose to extinguish the right to the ground rent. These releases were regularly recorded, and the plaintiffs had full notice of the act of Jane Wallace, and of the nonpayment of the rent. Having such knowledge they waited until the second day of April, 1885, twenty-one years

less seven days after the death of Jane Wallace, and twenty-two years after her release, for the declared purpose of extinguishing the rent, before the bringing of this suit.

If it be contended that the statute did not begin to run from the date of the release of the rent, but from the first pay day thereafter, then it began to run with the first day of April, 1864, and had fully expired on the second day of April, 1885.

If the contention of the plaintiff that the statute did not begin to run until the first day for payment after their title accrued should be adopted, it would defeat the purpose of the statute and leave the mischief it was intended to remedy but slightly reduced in proportions. This case well illustrates the possible effect of such a rule. George Wallace, the younger, died in 1826. If Jane Wallace had during that year executed her release the title of the plaintiffs would not have accrued until thirty-eight years after the release, and this action would have been brought after fifty-eight years of nonpayment and nonclaim.

In Boustead, Ex., v. Cuyler, 116 Pa. 551, a note payable on demand bore date on November 13, 1868, and it was held that the statute ran from its date. The same rule was held in Andres's Ap., 99 Pa. 421, in Milne's Ap., 99 Pa. 483, and in several other cases. But in this case no demand was necessary, the day of payment was fixed and the statute ran from that day. When the twenty-first payment fell due and was unpaid, without legal claim on the owner of the land, the bar of the statute closed, and the presumption of extinguishment was complete.

The remaining question is whether the action brought by the plaintiffs in 1882 was such a demand for the payment of the ground rent as should stop the running of the statute? That action failed because the plaintiffs set up and relied on a title which had no existence. When this became apparent they had to submit to a judgment against them or to a nonsuit, and they chose the latter. The present action is brought in another right. That asserted in the former action is wholly abandoned. Under such circumstances it is not easy to see how a demand which was unfounded, and which was for that reason abandoned by those who made it, can have any effect upon those who properly and successfully resisted it. Moreover, the general

rule is that an action ending in a nonsuit does not suspend the running of the statute in personal actions : Harris v. Dennis, 1 S. & R. 236. As no other claim is alleged to have been made within the period of twenty-one years before suit brought in this case, the statute must apply according to its terms.

The judgment is therefore reversed.