Koppel Cohen, Respondent, *v.* George Peterson and Others, and Martin Blum and Another, Defendants. Martin Blum and Another, etc., Appellants.

Supreme Court, Appellate Term, Second Department, June 4, 1925.

Landlord and tenant — lease — construction — 20th clause prohibiting certain uses of premises fixed liability for violation thereof either by " injunction " or " forfeiture "— said clause written into printed form by parties — 17th clause gave plaintiff right to terminate lease upon breach of covenants — parties intended that 20th clause should give sole penalty for violation of lease — landlord not entitled to maintain summary proceedings to dispossess.

A lease, the 20th clause of which after prohibiting certain uses of the premises fixed a liability for violation thereof either by " injunction " or " forfeiture,"

should be construed as giving the sole penalty for a violation thereof, notwithstanding the fact that the 17th clause in the same lease gave the landlord the right to terminate said lease upon plaintiff's breach of any of its covenants, since said 20th clause evidences the intention of the parties by reason of the fact that said clause was written into the printed form by said parties and gave the landlord two remedies, to wit, either in an action to enjoin the prohibited use or to re-enter because of the breach.

A penalty by way of injunction or forfeiture does not terminate the lease, so as to permit the landlord to maintain summary proceedings to dispossess.

APPEALS from a judgment of the Municipal Court, Borough of Queens, Fourth District.

*Charles Goldenberg,* for the appellants.

*Louis Cohen,* for the respondent.

PER CURIAM:

Final order unanimously reversed upon the law, with thirty dollars costs to appellants and landlord's petition dismissed.

We think the 20th clause of the lease, although badly drawn, prohibits the sale of goods sold by bakeries, delicatessens, or staple grocery stores, lunch rooms or restaurants, and that the sale of butter, milk, cheese and coffee in the dairy was a violation of it. We hold, however, that such a violation does not give the landlord the right to terminate the lease upon giving notice and to maintain summary proceedings thereon, because the clause which is a part of the provision restricting the use of the premises fixes the liability for its violation as follows: " Under penalty of forfeiture and injunction." We do not agree with the landlord's contention that this " penalty " is not exclusive but is additional or optional to that contained in the 17th clause. The latter clause is printed and gives the landlord the right to terminate the lease upon the tenants' breach of any of its covenants. The 20th clause is typewritten. If no " penalty " were especially provided for a violation of the 20th clause, the general language of the 17th clause doubtless would apply. But the language in the 20th clause fixing the penalty either limits the liability or imposes additional ones. We hold that it prescribes the sole " penalty," notwithstanding the existence of the 17th clause. The language used is definite. It prohibits a use and then provides that a violation shall be " under penalty of forfeiture and injunction." This is the clause the parties wrote into the printed form. It evidences their intention.

Had the word " only " been inserted, it is likely this litigation never would have been begun. But the language used means the same as it would have meant had the word " only " been added. The parties agreed that the leased premises should not be used for certain purposes, and so provided, adding that, if they were,

then the tenant would be subjected to the " penalty of forfeiture and injunction." This was to be his sole liability under this covenant. For its violation the landlord had two remedies, either in an action to enjoin the prohibited use or to re-enter because of the breach. (*Kramer* v. *Amberg*, 53 Hun, 427–429.) Although this clause does not expressly give the landlord a right of re-entry, that right follows when there is a forfeiture. (*Horton* v. *New York Cent. & H. R. R. R. Co.*, 12 Abb. N. C. 30, 38; affd., 102 N. Y. 697; *Fay* v. *Klots*, 199 N. Y. Supp. 49, 51.) But a penalty by way of forfeiture does not terminate the lease, so as to permit of the institution of summary proceedings, but gives the landlord only the right to bring ejectment. (*Michaels* v. *Fishel*, 169 N. Y. 381, 388–390; *Martin* v. *Crossley*, 46 Misc. 254, 256; *Harris* v. *Goldberg*, 111 id. 600.) The insertion of the word " forfeiture " in the 20th clause adds nothing to the tenants' liability or the landlord's remedy, unless the penalty fixed by that clause was intended to be the only one for a prohibited use of the premises. The provisions in the 17th clause in effect provide for a forfeiture, and, if they are applicable, then the use of that word in the 20th clause is superfluous. But, if the entire penalty is provided in the 20th clause, the use of the word " forfeiture " means something, and it is not unnecessary. The penalty of " injunction " is imposed only by the 20th clause. Plainly, it applies only when there has been a violation of that clause.

This confirms what has been said already, that the penalty therein prescribed is the exclusive one, when a prohibited use of the property has been made. So construed, the whole of the penalty has a meaning and serves a purpose. We do not find the case of *Kalvin* v. *Sturges* (196 App. Div. 466) to hold to the contrary. There both clauses applied to all the covenants and provisions of the lease. The typewritten clause gave a right to re-enter, and the printed one a similar right, and also a right to terminate the lease upon giving notice, and thereupon to institute summary proceedings. The court held that summary proceedings would lie. There was nothing inconsistent in the two clauses. The typewritten one did not give any right or remedy not given by the printed clause. Evidently the court held there was not sufficient to show that the parties intended the typewritten clause to take the place of the printed one. Here, however, everything indicated such an intention. The typewritten clause applies only to one covenant, and fixes a penalty for its violation, which may be either " injunction " or " forfeiture." Neither of these gives the right to institute summary proceedings.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.