BEACH *against* NIXON.

Where a lease contains a clause, that in case of a violation of any of its conditions the relation of landlord and tenant, at the option of the former, shall wholly cease, and the landlord shall be entitled to and recover immediate possession of the premises, under the statute for holding over after the expiration of the term, without any notice other than by the usual summons; default in the payment of rent does not constitute such a holding over as to authorize summary proceedings to recover the premises under the statute referred to.

Such a clause creating a *condition* only, and not a *conditional limitation*, the estate is not absolutely determined by the breach.

The *statutes* not giving to any officer jurisdiction to remove the tenant by a warrant in such case, it cannot be given *by the consent of the parties.*

THE lease upon which the question in this case arises contains the following clause : " The above lease is upon the following conditions, all and every of which the party of the second part covenants with the party of the first part to perform and keep ;" then follow certain conditions specified under five separate heads, of which the second, the only one material here, is : " that he (the lessee) will not use the premises nor permit any part thereof to be used for any business or purpose deemed extra hazardous, without written consent by the lessor." After stating the conditions, this clause follows : " Lastly, it is expressly agreed between the parties aforesaid, that in case of the non-fulfilment or violation of any or either of the above conditions, the said hiring and the relation of landlord and tenant, at the option of the party of the first part, shall wholly cease and determine ; and it is agreed that the said party of the first part, or his agent, shall be entitled to and recover immediate possession of said premises, under the statute for holding over after the expiration of the term, without any notice other than by the usual summons." The lease bears date February 21, 1845. On the 15th of September, 1848, the lessee was removed under a warrant issued in a summary proceeding to recover possession, under the statutes. The proceedings were removed by *certiorari* into the supreme court and there reversed, and the lessor has appealed to this court.

*James T. Brady* for the appellant.

*W. M. Allen* for the respondent.

JOHNSON, J. The appellant's case is subject to a fatal objection in this, that the provision in the lease upon which he has proceeded creates a condition merely, and not a conditional limitation. The lessor upon breach is not to be in immediately of his former estate, but at his option the

hiring and the relation of landlord and tenant are to cease, and are of course to continue until he shall otherwise elect. " Where an estate is so expressly limited by the words of its creation that it cannot endure for any longer time than until the contingency happens upon which the estate is to fail, this is a limitation. On the other hand, when an estate is expressly granted upon condition in deed, the law permits it to endure beyond the time of the contingency happening, unless the grantor takes advantage of the breach of condition by making entry, &c." (*Crabb's Law of Real Prop.*, § 2135.) This is clearly the rule as to estates greater than estates for years; and as to the latter if the rule in any case be different, yet where the condition is so framed that the estate is void only at the election of the lessor, the same rule applies. (*Parmelee* v. *Oswego & Syr. R. R. Co.*, 2 *Seld.*, 80.) If this be so, then *Oakley* v. *Schoonmaker* (15 *Wend.*, 226) is in point. That case holds that by the " expiration of the term " in 2 *R. S.*, 513, § 28, *sub.* 1, a forfeiture on breach of condition is not meant, and the determination of that case is plainly right. (*See also Benjamin* v. *Benjamin*, 1 *Seld.*, 383.)

The only remaining point is whether the covenant contained at the end of the lease either confers jurisdiction to proceed under the statute in respect to summary proceedings, or precludes the lessee from objecting for the want of jurisdiction. The law and not the consent of parties confers jurisdiction, and that rule could have no practical force, if consent given in whatever form could preclude inquiry as to the lawfulness of the jurisdiction.

The judgment of the supreme court should be affirmed, with costs.

DENIO, J., did not hear the argument.

All the other judges concurring,

Judgment affirmed.