## BEACH *against* NIXON.

*Removal of tenant; jurisdiction not given by contract.*

WHERE the lease of a tenement contains a clause that, in case of the non-fulfilment or violation of any of the conditions of the lease, the hiring, and the relation of landlord and tenant, at the option of the former, shall wholly cease and determine, and the landlord shall be entitled to recover immediate possession of the demised premises, under the statute, for holding over after the expiration of the term, without any notice other than by the usual summons; default in the payment of rent does not constitute a holding over after the expiration of the term so as to authorize summary proceedings to recover the premises under the statutes regulating such proceedings. The clause stated above from the lease, creates a condition only, and not a conditional limitation. The estate is not absolutely determined by the breach.

The *statutes* not giving to any officer jurisdiction to remove the tenant by a warrant in such case, it cannot be given *by the contract of the parties.*

(S. C., 9 N. Y. 35.)