William H. Morton, Respondent, *v.* Hugh Weir, Appellant.

By the terms of a lease the lessor reserved the right to sell the demised premises, and it was agreed that upon such sale the lease should be determined and the term ended, the lessor to pay the lessee for all permanent improvements erected by him on the premises, the value thereof to be determined by arbitration, in case the parties could not agree. The lessor sold, without reservation or exception. *Held*, that upon the sale the term ended, and the right of the lessee to compensation for improvements became absolute; that he was not bound to attorn to the grantee and occupy under him, even if the latter was willing to regard the tenancy as continuing; and that upon refusal of the lessor to submit the value of the improvements to arbitration, an action was maintainable against him.

(Submitted June 14, 1877; decided June 22, 1877.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Memorandum of decision below, 5 Hun, 177.)

This action was brought to recover the value of certain alleged permanent improvements erected by Francis Farrell, plaintiff's assignor, upon certain premises then owned by defendant.

Defendant, in May, 1869, leased to said Farrell the premises in question for the term of ten years. The lease contained this clause:

" In the event of the said party of the first part selling or agreeing to sell and convey said described premises to any purchaser thereof, this lease shall be cancelled and at an end, but the purchaser thereof, or the party of the first part hereto, or their assigns, shall pay to the party of the second part a fair and just price or consideration for all permanent improvements on said premises, and in case the parties hereto or their assigns cannot agree upon such valuation, then the same is to be submitted to arbitration under and in accordance with the provisions of the statute in such case made and provided."

Farrell erected buildings upon the premisess. In October, 1872, defendant sold and conveyed the premises absolutely to one Hopkins. Defendant refused to submit the value of the improvements to arbitration.

*A. J. Rogers*, for the appellant. The complaint did not state facts sufficient to constitute a cause of action. (4 Kent's Com. [12th ed.], 130, 131, 133; 2 Pars. on Con. [5th ed.], 501, 526; *Dumpor's case*, 1 Smith's L. Cas., 98; *Baeuman* v. *Foot*, 28 Conn., 338, 339; *Cartwright* v. *Gardner*, 5 Cush., 280; *Roberts* v. *Davey*, 4 B. & A., 664; 1 Pars. on Con. [5th ed.], 506; Taylor's L. & T. [5th ed.], 492; Crabb's L. R. P., 2135; *Frey's Case*, 1 Vent., 199; 2 Platt on Leases, 327; *Rede* v. *Farr*, 6 M. & S., 121; *Clark* v. *James*, 1 Den., 270; *Canfield* v. *Westcott*, 5 Cow., 270; *Macius* v. *Sergeant*, id., 271; *Church* v. *Ayers*, id., 272; Fry Spec. Per., 701; *Hyatt* v. *Wait*, 37 Barb., 33; Will. on R. E., 106, 520; *Ludlow* v. *N. Y. & H. R. R. Co.*, 12 Barb., 440; *State Bk.* v. *State*, 1 Blackf., 267; *Nicholl* v. *N. Y. & E. R. R. Co.*, 12 N. Y., 121; *Freeland* v. *Nichols*, 46 id., 416.)

*P. L. McClellan*, for the respondent.

Allen, J. By the terms of the demise the defendant reserved the right to sell the demised premises, and the

parties covenanted that upon such sale or agreement to sell, the lease should be determined and the term ended, and that the defendant would pay the lessee a fair and just price or consideration for all permanent improvements erected on said premises by the tenant. It was also stipulated that in case the parties could not agree upon the value of the improvements, the same should be submitted to arbitration. The defendant availed himself of the right reserved, and sold and conveyed the premises absolutely without reservation or exception, and the grantee thereby acquired a title to the premises unencumbered by the lease, and perfect as against the tenant. The latter had no right to occupy under the lease after the sale of the premises. He would not have been bound to attorn to the grantee and occupy under him if the latter had been willing to regard the lease as still in force, and the tenancy as continuing, of which there is no evidence. Upon the sale the term ended by force of the agreement, and the right of the tenant to compensation became absolute; and upon the refusal of the defendant to submit the value to arbitration, a present right of action arose, and the right to recover by action was perfect.

The counsel for the appellant may be right in respect of the abstract questions considered by him in his brief, but they are foreign to the case in hand.

There was no defense to the action, and the judgment must be affirmed.

All concur.

Judgment affirmed.