KRAMER v. AMBERG.

*(Common Pleas of New York City and County, General Term.   April 1, 1889.)*

LANDLORD AND TENANT—RECOVERY OF POSSESSION.

Code Civil Proc. N. Y. § 2231, authorizing summary proceedings against a tenant who holds over "after the expiration of his term," without permission, does not authorize such proceedings to enforce the landlord's right to possession because of a breach by the tenant of some condition in the lease, as that the landlord may terminate the lease if the tenant sublet.

Appeal from Second district court.

This was a summary proceeding instituted by William Kramer, landlord, against Gustav Amberg, tenant, to obtain possession of the premises known as the "Thalia Theater," 46 and 48 Bowery, New York City.   Defendant's lease would not have expired by limitation until May 1, 1891, but plaintiff claimed the right to possession on the ground that defendant had violated one of the conditions of his lease, in subletting the premises.   Judgment for plaintiff, and defendant appeals.

Argued before VAN HOESEN and BOOKSTAVER, JJ.

*Howe & Hummel*, for appellant.   *A. J. Dittenhoefer*, for respondent.

PER CURIAM.   The Code has not introduced any change into the statute relating to summary proceedings, and the decisions that construed the statute that the Code has superseded must control our construction of section 2231 of the Code.   It has been the law of this state for many years that summary proceedings for the removal of a tenant will not lie where the landlord is seeking to recover possession on account of a breach by the tenant of some condition of the lease.   Where the lease comes to an end on the happening of a designated event, without reference to the wishes of the landlord, so that without the exercise of the landlord's volition the tenant's right to occupancy reaches its limit by the mere words of the demise, the lease is said to determine by its own limitation, and in that case summary proceedings may be maintained.   In the lease before us the landlord has the option either to terminate or to continue the term of the letting in case the tenant shall sublet the demised premises.   If he elects to terminate the letting, he takes advantage of a breach of a condition of the lease; but it is the exercise by him of his option, and not the happening of an event provided for in the lease, that destroys the tenant's right to a further enjoyment of the term.   This exercise of the landlord's option is not, in the language of the law, the expiration of a lease by its own limitation; and the uniform construction of the courts has been that where the statute speaks of the "expiration of the lease," the meaning is that the lease has come to an end either by effluxion of time or its own limitation.   The ending of the lease by the exercise of the landlord's option, after condition broken, is the termination, not the expiration, of the lease. *Miller* v. *Levi*, 44 N. Y. 492; *Beach* v. *Nixon*, 9 N. Y. 35.   It follows from this that the final order must be reversed, with costs.