FANNIE P. COTTLE et al., Appellants, *v.* ELIZA SULLIVAN,
Respondent.*

(Superior Court of Buffalo — General Term, May, 1894.)

Where a lease contains a covenant that, in case of a different use of the
premises than that limited therein, the lessors should have the right, at
their election, to terminate the lease by giving three days notice of such
election and that the term should thereupon cease at the expiration of
said three days in the same manner and to the same effect as if that
were the expiration of the original term, the service of notice of such
election on the ground of a breach of the covenant creates an expiration
of the term and authorizes the maintenance of summary proceedings
to remove the tenant under section 2231 of the Code.

*Oakley* v. *Schoonmaker*, 15 Wend. 226; *Beach* v. *Nixon*, 9 N. Y. 35,
distinguished.

APPEAL from an order of the Municipal Court of Buffalo
dismissing the appellants' petition in summary proceedings to
remove a tenant holding over after the expiration of the term.

*Seaver & Marcy,* for appellants.

*Tabor & Sheehan,* for respondent.

SMITH, J.   After issue joined upon the appellants' petition
and the respondent's answer, and a jury had been impaneled
to try the issue in the court below, the judge, upon respond-

---

*This case was argued before the General Term in December,
1884.— [REPORTER.

ent's motion, refused to hear any evidence, though the petitioners offered to prove every allegation of their petition, and rendered judgment in favor of the respondent dismissing the petition with costs. The return shows that the judgment was rendered upon the sole ground that the petition did not show any termination or expiration of the term created by the lease, from the petitioners to the respondent.

For the purposes of this appeal, we may assume that the petition contained all the other allegations that were necessary under the statute to entitle the petitioners to the final order of removal asked for; a copy of the lease between the parties is annexed to and made a part of the petition. It contains a covenant (among others) that if the lessee (the respondent here) should use the demised premises, or any part thereof, for any other purpose than living rooms for herself and family, to be kept in a respectable manner, then the lessors should have the right at their election to terminate the lease by giving to the lessee three days notice of such election, to be served personally, and that the term created by the lease should "thereupon cease at the expiration of the said three days in the same manner and to the same effect as if that were the expiration of the original term of this lease." The petition by apt and proper allegations shows that during the term and prior to September 11, 1884, the respondent committed a breach of the covenant above set forth; that on the day last named the appellants served upon the respondent personally a notice in writing that they elected to terminate the lease at the end of three days from the service of the notice because of the breach of said covenant, and that the respondent held over and continued in possession of the premises after the expiration of the term thus produced without the permission of the petitioners. The petition was verified and presented to the court below, and the precept in this proceeding issued thereon on the 16th of September, 1884. There can be no doubt, therefore, that, according to the express terms of the covenant and agreement contained in the lease, the term created thereby expired on the fourteenth of September, two

24

days before the precept issued, if the allegations of the petition were true, and the decision of the court below was clearly erroneous, unless it can be upheld by a construction of the statute that excludes this and like cases from its operation.

Section 2231 of the Code of Civil Procedure provides that a tenant or lessee holding under such a lease as that in question may be removed by summary proceedings "where he holds over and continues in possession of the demised premises, or any portion thereof, after the expiration of his term without the permission of the landlord." The language of the section is essentially the same as that of the Revised Statutes under which the causes to which I am about to refer arose.

In *Oakley* v. *Schoonmaker*, 15 Wend. 226, the Supreme Court decided that the breach of a covenant or agreement in a lease to cut no wood or timber on the premises except for fencing, and to carry off no wood or timber, does not create such an expiration of the term as will authorize summary proceedings under the statute to remove the tenant.

And in *Beach* v. *Nixon*, 9 N. Y. 35, the Court of Appeals held that the breach of a covenant by the lessee that he will not permit the premises to be used for a purpose deemed extra hazardous, and that in case of such use the lease shall cease and determine at the option of the lessor, and that he may thereupon recover immediate possession under the statute in question, does not create such an expiration of the lease as the statute contemplates and intends.

In the two cases above cited the theory upon which the landlord proceeded was that the tenant's breach of his covenant worked a forfeiture of the term so that the landlord might at any time re-enter and put the tenant out, and, therefore, the term had, in contemplation of the law, expired, and the tenant was holding over. But the courts held that the covenants in the lease created a condition merely and not a conditional limitation of the term. The relation of landlord and tenant did not cease, nor, of course, did the term cease upon the breach of the covenant, but only when the landlord

elected to treat the breach as having created a forfeiture; and there was but one way in which in law he could manifest such election, and that was by an actual re-entry. 2 Greenl. Cruise Real Prop. chap. 2, tit. 13, § 39; Wash. Real Prop. 473; *Duryee* v. *Mayor, etc.,* 96 N. Y. 477, 496, 497. Until such re-entry the term continued and the tenant did not hold over. And section 2135 of Crabb's Law of Real Property was quoted with approbation, as follows: "Where an estate is so expressly limited by the words of its creation that it cannot endure for any longer time than until the contingency happens upon which the estate is to fail, this is a limitation. On the other hand, where an estate is expressly granted upon condition in deed, the law permits it to endure beyond the time of the contingency happening unless the grantor takes advantage of the breach of condition by making entry." What will constitute a conditional limitation of the term is illustrated by the case of *Miller* v. *Levi,* 44 N. Y. 489, which, in its essential features, is not to be distinguished from the one now under consideration. The lease from Miller, the landlord, to Levi, the tenant, was of a store on Main street in this city for the term of four years from May 1, 1862, but with a condition in these words, "with the privilege reserved to terminate this lease at the end of any year by giving sixty days previous notice, in case the landlord should sell or desire to rebuild." Miller sold the demised premises in January, 1864, and on February 12, 1864, gave notice that he had sold the premises and should terminate the lease on May 1, 1864, pursuant to the right so reserved in the lease; Levi held over and continued in possession of the premises without the permission of Miller, who, on May 2, 1864, instituted proceedings for the removal of Levi under the statute we are considering. After trial, upon issues joined before the officer who issued the summons, and an order made for the removal of the tenant, the case was removed into this court by certiorari, and the order was affirmed by the General Term, and thereupon an appeal was taken to the Court of Appeals, where the judgment of this court was affirmed. The courts held that the agreement in

the lease that the lessor might, in case of a sale, terminate the lease by a notice of sixty days was a conditional limitation of the term, and when the notice was given and the time specified therein had run, the term, *ipso facto*, expired. The limitation operated to extinguish the term without entry or any further act by the landlord. And that is precisely the operation of the agreement in the lease in the case now before us. The petitioners did not, as did the lessors in the cases of *Beach* v. *Nixon*, 9 N. Y. 35, and *Oakley* v. *Schoonmaker*, 15 Wend. 226, rest their claim that the term had expired upon the forfeiture created by the broken covenant, but upon the express limitation annexed to the covenant in the lease, that when the breach occurred and the landlord gave notice electing to terminate the lease, the term should cease absolutely at the expiration of the term fixed by the notice. In the language of the lease the service of the notice, and the expiration of the time fixed by it, were to have the same " effect as if that were the expiration of the original term of the lease." Those acts created the expiration of the term. No re-entry or other act of respondents was necessary. In the case of *Miller* v. *Levi* the expiration of the term was declared to be absolute upon the sale of the premises and expiration of the sixty days' notice served by the landlord. So, in this case, the breach of the covenant, and the service of the notice of the termination of the lease in three days by the petitioners, caused an absolute expiration of the term at the end of the three days. · That was the legal effect of the acts of the parties, and not only so, but they expressly agreed that such should be their legal effect. It is no hardship to respondent to compel her to abide by her agreement by which she declared what acts should operate to terminate the lease, and to hold it terminated according to the agreement.

It follows from these views that the order and judgment appealed from were erroneous and must be reversed, with costs.

SHELDON, Ch. J., and BECKWITH, J., concur.

Order and judgment reversed, with costs.