was the intention of the makers of the note is expressly found by the learned trial court, which finding is not questioned or disputed by the appellant, as her counsel frankly states in his brief. It is true that it does not affirmatively appear that Mrs. Chapman was of the same mind when she attached her signature to the note. Probably she had no well-defined thought or intention in regard to the matter, as she was signing as a mere matter of accommodation to her husband's firm; but she knew for what purpose the note was to be used, and she must have known from the note itself that it was payable in Chicago. In these circumstances, we think it would be unreasonable to assume that she contracted with reference to the law of Alabama instead of the law of Illinois. It follows, therefore, that whether the note had its inception in Illinois, or was executed in Alabama with the intention that it was a contract to be performed in the first-named state, the appellant cannot escape her liability therefor; and this conclusion, as we believe, is in harmony with the settled law of this and other states. Lee v. Selleck, 33 N. Y. 615; Dickinson v. Edwards, 77 N. Y. 573; Turnow v. Hockstadter, 7 Hun, 80; Milliken v. Pratt, 125 Mass. 374; Bell v. Packard, 69 Me. 105; Johnston v. Gawtry, 83 Mo. 339; Andrews v. Pond, 13 Pet. 65, 10 L. Ed. 61; Bank v. Mitchell, 34 C. C. A. 542, 92 Fed. 565. We have examined the exceptions taken during the progress of the trial, but are unable to discover that they present any prejudicial error. The judgment appealed from should consequently be affirmed.

Judgment affirmed, with costs. All concur, except McLENNAN, J., who dissents.

---

### In re GUARANTY BLDG. CO.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

LANDLORD AND TENANT—LEASE—TERMINATION—ELECTION—SUMMARY PROCEEDINGS.

 Code Civ. Proc. § 2231, subd. 1, provides that a tenant may be removed by summary proceedings where he holds over and continues in possession "after the expiration of his term." A lease for three years provided that, on default in rent, the landlord might elect to terminate the lease and reenter the premises. Upon default the landlord elected to terminate the lease, and served notice upon the tenant to vacate. *Held*, that the term did not expire, but was terminated by the lessor, and, as such statute applies only to tenants holding over after the expiration of the term named in the lease, it is not applicable to the case.

Appeal from municipal court of Buffalo.

Application by the Guaranty Building Company for the removal of Octavius O. Cottle, a tenant, from certain premises. From an order of the municipal court dismissing the petition, the applicant appeals. Affirmed.

Argued before ADAMS, P. J., and SPRING, McLENNAN, WILLIAMS, and LAUGHLIN, JJ.

John Laughlin, for appellant.
Edmund P. Cottle, for respondent.

WILLIAMS, J.  The proceeding was brought under subdivision 1, § 2231, Code Civ. Proc., to remove a tenant alleged to be holding over and continuing in possession of demised premises after the expiration of his term without permission of the landlord.  The petition set forth that the letting was under a written lease for the term of three years from May 1, 1897; that there was an express agreement in the lease that if default should be made in the payment of rent at the time specified in the lease, and said default should continue for ten days, then and in that event, upon the lessor's election, said lease and the terms thereby granted or entered upon should become null and void, and the lessor was thereby authorized in said case to re-enter said premises and hold the same as if said lease had not been made, and the lessee thereby expressly waived the service of notice of intention to re-enter, or to institute legal proceedings to that end; that prior to February 1, 1900, the lessee was, and for more than ten days had been, in default in payment of rent, and that the lessor thereupon elected that the lease and term thereby granted became null and void, and on the 9th day of February, 1900, caused to be served upon the lessee a notice, in writing, requiring him to vacate and deliver up possession of the premises on or before February 13, 1900, at noon; that by reason of the said provision in the lease, and the election of the lessor, the term had expired; and that the tenant held over and continued in possession of the premises after such expiration of his term without the permission of the lessor.  Upon this petition, the facts stated in which we must assume to be true, the order and decision were made; and the only question is whether the conclusion stated in the petition, that the term of the lease had expired, was justified by the facts theretofore stated, or, to come closer to the real issue, whether, under the clause in the lease, upon default in payment of rent, and election by the lessor to declare the lease and term null and void, the term expired, so as to permit this remedy for the removal of the tenant under subdivision 1, § 2231, of the Code.

In Chaplin on Landlord and Tenant (section 156) it is said:

"If a condition is inserted by virtue of which the lease becomes terminable upon breach, at the election of the landlord, the effect of breach and entry, or the bringing of an action of ejectment, is to cut short the original term.  The term has not expired, but it has terminated.  Accordingly, where, under the option given to the lessor in case of breach, he has terminated the lease in any manner prescribed by the lease, or involved in its provisions, he cannot on that ground maintain summary proceedings to remove the tenant under the statute giving that remedy where the tenant holds over after the expiration of the term, but he may bring his action of ejectment.  If, however, the lease provides a limitation, so that when, by virtue of the happening of a prescribed event, the term limited to continue only until such happening comes to an end, the term thereby expires.  The happening of the event has not cut short the prescribed term, but has merely fixed with precision the point at which, by the terms of the lease, the tenancy was to come to its natural ending.  In such a case, therefore, the lessor has his remedy either by action or summary proceedings."

And in section 606 it is said:

"In the case of a condition broken, no right to maintain summary proceedings arises under the clause relating to holding over after expiration of the

64 N.Y.S.—67

term, but it does arise in case of a limitation, when the event on which the estate is limited has occurred. The statutory term, 'expiration,' does not refer to a forfeiture by breach of condition, but to the expiration of the term by lapse of time. [Citing Beach v. Nixon, 9 N. Y. 35; Miller v. Levi, 44 N. Y. 489; Kramer v. Amberg (Com. Pl.) 4 N. Y. Supp. 613, affirmed in 115 N. Y. 655, 21 N. E. 1119.] It is otherwise if the lease contains a limitation by which it is to continue only until breach. The election of the landlord to take advantage of a breach of condition of entry, and thus terminate the estate, is to be distinguished from the case where, by the provision of the lease, the term is created to endure only until an option to earlier end it has been exercised by the landlord. In the latter case, upon the exercise of the option the term expires, in the sense of the statute. [Citing Cottle v. Sullivan, 8 Misc. Rep. 184; Morton v. Weir, 70 N. Y. 247; and Miller v. Levi, above.] To the latter class belong cases where the premises are leased for a definite term, providing that, if the landlord should at any time deem the tenancy undesirable, then the tenant, after notice and a specified period, should vacate the premises. Such a provision operates to limit the duration of the tenant estate. [Citing Insurance Co. v. Gosford, 3 Misc. Rep. 509, 23 N. Y. Supp. 7, and cases.]"

I have quoted thus extensively from this author because the appellant quotes and relies upon a part of section 606, while the respondent quotes and relies upon a part of section 156; and unless the two sections are carefully read and understood, and the cases cited are examined, it may seem that the two sections are contradictory. They are in perfect harmony, when considered in connection with the cases cited by the author. The lease in question is covered by the language of section 156 and the first part of section 508, and the cases cited therein; and the case is therefore one where summary proceedings cannot be maintained, under subdivision 1, § 2231, of the Code, for a holding over after expiration of the term. The term did not expire, but was terminated by the exercise of the lessor's option to declare the lease null and void for breach in nonpayment of rent. The statutory term, "expiration," does not cover a forfeiture for breach of a condition, but refers only to the expiration of the lease by lapse of time. In Beach v. Nixon, above, a clause in the lease provided that, in case of the violation of any of its conditions (as that the lessee would not use or permit the use of the premises for any business or purpose deemed extrahazardous without the written consent of the lessor), the hiring, and relation of landlord and tenant, at the option of the lessor, should cease and determine, and the lessor should be entitled to, and recover, immediate possession of the premises under the statute for holding over after the expiration of the time, without any notice other than the usual summons; and it was held that this was a condition, and not a conditional limitation; that the tenant's estate endured until a re-entry for condition broken, and that it was not competent for the parties by the lease to provide for summary proceedings; that jurisdiction could not be given by consent of parties. In Miller v. Levi, above, the lease provided that the lessor might terminate the lease at the end of any year, in case he should sell or desire to rebuild, by giving 60 days' previous notice; and this was held to be not a condition, but a limitation,—the term expiring, by force of a sale and notice, without any further act on the part of the lessor,—and holding over after the 60 days to be a holding over after the expiration of the term, under the statute providing for summary proceedings.

The court recognized the rule in Beach v. Nixon, and said that the breach of the condition in that case did not of itself terminate the lease; it had to be taken advantage of by the lessor,—while in this case the notice and sale did of themselves so terminate the lease and close the term. In Kramer v. Amberg, above (affirmed by court of appeals on opinion of the court below), the lease provided that in case the lessee sublet the premises the lessor had the option to terminate the lease, or to continue the term of the letting; and it was held that the exercise of the option was the termination of the lease, and not the expiration of the term, under section 2231 of the Code, and summary proceedings would not lie,—citing Miller v. Levi and Beach v. Nixon, above. In Cottle v. Sullivan, above, the lease contained a provision that, in case of a different use of the premises than that limited therein, the lessors should have the right, at their election, to terminate the lease, by giving three days' notice of such election, and that the term should thereupon cease, in the same manner and to the same effect as if that were the expiration of the original term; and it was held that the service of the three-days notice created an expiration of the term, under section 2231, Code. The court recognized the rule laid down in Beach v. Nixon and Miller v. Levi, above, and regarded this case as coming under the decision in the latter case. It will be noticed that the parties agreed in the lease that the serving of the notice should create an expiration of the term, and they were merely held to their agreement. In Morton v. Weir, above, no question as to summary proceedings under section 2231 of the Code was involved. The action was brought against the lessor to recover the value of permanent improvements made by the lessee. It was held that the purchaser of the premises from the lessor acquired good title, unincumbered by the lease, by virtue of the terms of the lease, and that the lessee could recover of the lessor for his improvements under the agreement in the lease. In Insurance Co. v. Gosford, above, the lease provided that, if the landlord should at any time deem the tenancy undesirable, the tenant would vacate the premises and render possession to the landlord after two months' notice in writing; and it was held that the tenant, who held over after the expiration of the two months, might be removed by summary proceedings. The decision was made on the authority of Miller v. Levi, above, distinguishing Kramer v. Amberg, above. The author, Chaplin, in the latter part of section 606, makes statements distinguishing the cases hereinbefore referred to; but clearly the lease in question is controlled by the case of Beach v. Nixon and Kramer v. Amberg, and is unlike the other cases referred to. The lease was terminated, not by a conditional limitation, but by the breach of a condition, and the exercise of the option of the lessor, and therefore summary proceedings could not be maintained. We conclude, therefore, that the order and decision dismissing the petition were properly made, and should be affirmed, with costs.

Order and decision of the municipal court affirmed, with costs. All concur, except LAUGHLIN, J., not voting.