### CHILDS v. SKILLIN.

#### (Supreme Court, Appellate Term. January, 1903.)

1. LANDLORD AND TENANT—SALE OF PREMISES—RIGHTS OF TENANT.
    A lease provided "that if said house and lot are sold at any time before" the end of the term, then from the date of such sale all further payments of rent shall cease, and all money paid as rental shall be refunded before the lessee shall be required to deliver possession, and possession shall be given upon the receipt of 30 days' notice. The house and lot were sold during the term, but the lessee was permitted to remain in possession the entire term, and was given 30 days' notice to surrender possession at the end of the term. *Held*, that he could not retain possession indefinitely thereafter, or until the rent which had been paid by him during the term was refunded.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Dispossess proceeding by Charles S. Childs, a landlord, against Henry T. Skillin. Judgment dismissing the petition, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

L. W. Emmerson, for appellant.
Austin & McLanahan, for respondent.

FREEDMAN, P. J. The parties in this action met for trial on May 12, 1902, and the following were then stipulated to be the facts in the case:

"(1) That on the 1st day of August, 1901, Carrie I. Rowell was the owner of the premises No. 302 West Seventy-Seventh street, New York City, N. Y.

"(2) That on the said 1st day of August, 1901, H. C. Rowell, the husband of said Carrie I. Rowell, entered into an agreement, which is submitted herewith, with Henry T. Skillin, the above-named defendant. [The instrument referred to is marked "Exhibit No. 1".]

"(3) That said Henry T. Skillin, the defendant, under the terms of said agreement, paid to the said Carrie I. Rowell, through the said H. C. Rowell,

the sum of $300 on the 1st day of August, 1901, and entered into possession of said premises.

"(4) That the said Henry T. Skillin paid to the said Carrie I. Rowell, through the said H. C. Rowell, under the terms of said agreement, the further sum of $200 on or about the 1st day of October, 1901.

"(5) That on the 14th day of November, 1901, said Carrie I. Rowell duly conveyed the said premises to Samuel S. Childs, the above-named plaintiff; that said Samuel S. Childs is now the owner thereof.

"(6) That no further sum or sums were paid by the said Henry T. Skillin under the terms of the said agreement, and Henry T. Skillin is still in possession of the said premises.

"(7) That the said Henry T. Skillin has not received the amount paid by him, as aforesaid, under the terms of the said agreement, namely, the sum of $500, from the said Carrie I. Rowell or H. C. Rowell, or from the above plaintiff, or from any one whatsoever, and that the same has been demanded by the said Henry T. Skillin from each of the said parties.

"(8) That the above-named parties gave notice to the said Henry T. Skillin to vacate the premises more than thirty days before the 1st day of May, 1902.

"(9) That the said Henry T. Skillin was in possession of the said premises at the time of the sale of the same to the plaintiff, as stated in the fifth paragraph herein."

Subsequently the stipulation, so far as related to the written agreement between the parties, was withdrawn, and on June 5, 1902, when the trial was had, the sole question litigated was as to whether certain interlienations in the written agreement had been made before or after its execution. The trial judge dismissed the plaintiff's petition, and it must, for the purposes of determining this appeal, be held that the agreement with the interlineations was the agreement executed by the parties. That agreement is as follows:

"New York, Aug. 1, 1901.

"This is to certify that we, Carrie I. Rowell, and H. C. Rowell, have this day demised and leased unto Henry T. Skillin, a certain house and lot of land situate in the Borough of Manhattan, City of New York, and known as No. 302 W. 77th St. owned by the said Carrie I. Rowell for the term of nine months from August 1st, 1901 to April 30th, 1902, at a rental of $750.00. $300 of which rental is to be paid in advance August 1st, 1901. $200 thereof is to be paid on October 1st 1901 and a remaining $250 is to be paid February 1st, 1902, making a total of $750 aforesaid, and the said Henry T. Skillin, is hereby given the right to sublet said house to such person or persons as he deems fit, and it is hereby expressly agreed by said Carrie I. Rowell, and H. C. Rowell her husband that if said house and lot are sold at any time before May 1st, 1902 then from the date of such sale all further payments of rent by said Henry T. Skillin shall cease and all money which has been paid to said Carrie I. Rowell, and said H. C. Rowell her husband by said Henry T. Skillin as rental aforesaid shall be refunded to him by said Carrie I. Rowell and H. C. Rowell her husband before he, the said H. T. S. shall be required to deliver possession of the said premises and the said Henry T. Skillin shall retain and be the owner of all the rents which he may have collected from said premises from August 1st, 1901 up to the time of delivery of possession of said premises by him to the purchaser of same, all taxes, water rates, interest money or mortgage now upon said premises are to be paid by said Carrie I. Rowell and H. C. Rowell her husband during the continuance of this lease and said Henry T. Skillin or his attorney are to prepare a formal written lease of these premises embracing the conditions of this present writing and said Carrie I. Rowell and H. C. Rowell her husband, hereby agree to execute and deliver the same to Henry T. Skillin as soon as said written lease is prepared presented to and to them or either of them and as Henry T. Skillin has this day paid to said Carrie I. Rowell acting through her husband H. C. Rowell her husband the sum of

$300 on account of the aforesaid rent of the said premises. This paper is a receipt and acknowledgment of same as well as a temporary lease for said premises. It is further agreed to give possession of said premises by Henry T. Skillin upon the receipt of thirty days notice and it is further agreed by the said Carrie I. Rowell and H. C. Rowell her husband to make every effort to extend the time for giving possession to sixty days.

                                                        "H. C. Rowell.
                                                       ."Henry T. Skillin.

"Witnesses J. N. Raymond."

Under this agreement the tenant claims that, notwitstanding he has peaceably occupied the demised premises for his entire term of nine months provided for in the lease, and has failed and refused to pay the third installment of rent due under the terms of the lease, he has an absolute legal right to continue in possession of said premises indefinitely, or until the former owner repays him the sum of $500, the two installments of rent which he had theretofore paid under the lease; and this for the reason that the premises were sold between the time of the making of the lease and the time provided therein for its termination. This construction of the agreement is inequitable, and unsound in law. It is clear that the parties to the lease contemplated a sale of the demised premises during the term of the lease, otherwise no mention of a sale would have been made therein, and the tenant would have been compelled to pay the full amount of the rent provided for in the lease, and to vacate at the end of his term. . The lease, however, provided for two contingencies—one, a sale of the premises; and the other the rights of the tenant, should a sale occur during the existence of the lease, and the tenant be required to surrender possession before the expiration of his term. If, notwithstanding a sale, the tenant would have a right to remain in possession of the premises, there would have been no necessity for a clause in the lease preserving his rights in the event of a sale. The mere fact that such a clause was inserted therein is evidence that the parties contemplated a curtailment of the nine-months term in the event of a sale, and if the vendee required possession of the premises before the lease expired. While the lease does not in express terms provide that, if such sale shall occur, the term shall ipso facto expire, such is the legal effect. Miller v. Levi, 44 N. Y. 489; Morton v. Weir, 70 N. Y. 247; Cottle v. Sullivan, 8 Misc. Rep. 184. The last provision of the lease is corroborative of this construction. That clause requires the tenant to surrender possession of the premises "upon receipt of 30 days notice," but the owner "is to make every effort to extend the time for giving possession to 60 days." This clearly refers to the contingency of a sale, and not to the giving of notice at the termination of the lease.

What, then, were the tenant's rights under the lease in the event of· a sale during its existence and a desire on the part of the vendee to obtain possession of the premises before its termination? Simply these: Before he could be required to surrender the premises prior to the expiration of his term, a notice of 30 days must be given, and a repayment to him of all sums previously paid by him, and all future payments of rent.to cease, or he to have peaceable possession of the premises until the time for which he had rented had expired. The last-mentioned privilege the tenant did have. He continued to occupy the

premises until the time for which he had rented them had expired. Thirty days prior thereto he was notified to surrender the premises at the expiration of his term. This he refused to do. In this he is in error. He has had the full use and beneficial enjoyment of the leased premises during the entire term of his lease. He can neither legally nor equitably longer retain them. The judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.