(46 Misc. Rep. 254)

### MARTIN v. CROSSLEY.

(Supreme Court, Appellate Term. January 17, 1905.)

1. LEASE—BREACH OF CONDITION—NOTICE—EFFECT—STATUTE.

Under a lease providing that in case of breach of condition the landlord may give a five-days notice of intention to determine the lease, and declaring the effect of the notice to be that the lease and the term and interest and all right and claim under the lease shall cease and end, the

landlord is entitled, after such breach and notice, to maintain a proceeding under Code Civ. Proc. § 2231, subd. 1, authorizing the dispossession of a tenant who holds over after the expiration of the term.

2. PROCESS—IRREGULARITIES—WAIVER.

Appearance and answer, without raising objection in the trial court, is a waiver of any irregularity in the service of the process.

3. SAME.

Where the full time did not elapse between the issue of the precept and its return in a proceeding, under Code Civ. Proc. § 2231, subd. 1, to dispossess a tenant holding over after expiration of the term, but the tenant appeared and answered without raising any objection in the trial court, she could not take advantage on appeal of objections properly raised by subtenants, who did not appeal.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by John Martin against Hannah L. Crossley. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Randolph M. Newman, for appellant.
John J. Gleason, for respondent.

SCOTT, J. This proceeding is instituted under subdivision 1 of section 2231 of the Code of Civil Procedure, authorizing the dispossession of a tenant who holds over "after the expiration of his term," and the only serious question involved is whether the term had "expired," or merely been "terminated" by the act of the landlord in giving notice of his election to and the lease and the term thereof. The answer to this question involves the construction to be given to clause 16 of the lease, which provides that the landlord may "terminate and end this lease, and the term hereby granted, and all right and interest under it," for any breach by the tenant of the terms of the lease, by giving a five-days notice in writing; whereupon, as it is provided, "this lease and said term and interest, and all right and claim under this lease, shall cease and end." Did this clause provide merely for a condition or for a conditional limitation? The essential distinction between a mere condition and a conditional limitation has not always been clearly defined in the adjudicated cases, and hence there has appeared at times to be some inconsistency between the decisions. This distinction has, however, been clearly pointed out by Commissioner Hunt in Miller v. Levi, 44 N. Y. 469, and by Justice Williams in Matter of Guaranty Building Company, 52 App. Div. 140, 64 N. Y. Supp. 1056. In the former case the court pointed out that in Beach v. Nixon, 9 N. Y. 35, and Oakley v. Schoonmaker, 15 Wend. 226, the covenants considered were such that, if broken, the lessor might or might not take advantage of the breach and declare the lease at an end, but the breach did not ipso facto terminate the lease. Consequently the breach of the condition did not necessarily terminate the lease, and the learned commissioner, writing the opinion, quotes and adopts the distinction made in Crabb on Real Property (sections 2135, 2136), wherein it is said that:

"When an estate is so limited by words of its creation that it cannot endure for any longer time than until the contingency happens upon which it is to fall, this is denominated a limitation. * * * In such a case the estate

determines as soon as the contingency happens. * * * On the other hand, where the estate is expressly granted upon condition in deed, * * * the law permits it to endure beyond the time of the contingency happening, unless the grantor takes advantage of the breach by making entry."

In Matter of Guaranty Building Company, supra, Justice Williams quotes with approval the distinction between a mere condition and a conditional limitation pointed out in Chaplin on Landlord and Tenant, and adopts that author's definition of a conditional limitation, as follows:

"It is otherwise if the lease contains a limitation by which it is to continue only until breach. The election of the landlord to take advantage of a breach of condition by entry, and thus terminate the estate, is to be distinguished from the case where, by the provision of the lease, the term is created to endure only until an option to earlier end it has been exercised by the landlord. In the latter case, upon the exercise of the option the term 'expired' in the sense of the statute."

To the same effect are Morton v. Weir, 70 N. Y. 247, Cottle v. Sullivan, 8 Misc. Rep. 184, and Man. Life Ins. Co. v. Gosford, 3 Misc. Rep. 509, 23 N. Y. Supp. 7. In the latter case Kramer v. Amberg (Com. Pl.) 4 N. Y. Supp. 613, affirmed 115 N. Y. 655, 21 N. E. 1119, is distinguished. Undoubtedly the latter case was properly decided upon the facts, although some of the expressions contained in the opinion not necessary to the decision are not to be reconciled with the best considered authorities. The distinction herein considered is well illustrated by two clauses in the lease under consideration. The sixteenth clause provides, as has been said, that in case of a breach of condition the landlord may give a five-days notice of intention to determine the lease. The effect of this notice is declared to be that "the lease, and the term and interest, and all right and claim under the lease, shall cease and end." Here it is the notice, and not the breach of condition, which operates upon the lease. The facts of the case are similar to those considered in Man. Life Ins. Co. v. Gosford, supra, and Cottle v. Sullivan, supra. By contrast the seventeenth clause provides that in case of breach of any covenant the landlord may re-enter the premises. It is such a clause as this which limits the landlord to his right to bring ejectment. One conclusion is that the term granted by the lease was by the terms of the instrument made liable to curtailment upon a certain contingency, to wit, the giving of notice by the landlord; and that when that notice had been given, and the term thereby curtailed, it had "expired" so as to justify a proceeding for dispossession for holding over. The sixteenth and seventeenth clauses are not inconsistent, but give the landlord alternative remedies, either of which he was at liberty to pursue.

This appellant is not in a position to now raise the question that full time did not elapse between the issue of the precept and its return. She did not raise the objection below, but appeared and answered. Any irregularity in the service of the process was thereby waived. Grafton v. Brigham, 70 Hun, 131, 24 N. Y. Supp. 54. The subtenants who did raise the objection below are not appealing.

Although the appellant interposed a general denial, she did not attempt to litigate any question of fact or make any objection based upon respondent's failure to prove the violation charged. In fact the appellant's counsel on the trial expressly waived any inquiry into

the facts, electing to stand on what he deemed the insufficiency of the petition and the lack of jurisdiction of the court.

The final order was right, and must be affirmed, with costs.

DAVIS, J., concurs. MacLEAN, J., taking no part.