LOW et al. v. THOMPSON.

(Supreme Court, Appellate Term. June 30, 1908.)

1. ESTATES—CREATION—CONSTRUCTION—LIMITATIONS.

Where an estate is so expressly limited by the words of its creation that it cannot endure for any longer time than until the contingency happens upon which the estate is to fail, the provision is a limitation.

2. LANDLORD AND TENANT—LEASE—LIMITATION DISTINGUISHED FROM CONDITION.

A provision in a lease for the determination of the estate, that· it was "to commence on the 1st day of May, 1907, and to end on the 1st day of May, 1908, at noon," is a limitation, and not a condition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 112, 113.]

3. SAME—CONDITIONS.

Where by the terms of a lease an estate is expressly limited in its creation, provisions therein that the lessee "will quit and surrender the premises at the expiration" of the term, and that, "if default be made in the performance of any of the covenants and agreements, * * * the relation of landlord and tenant shall, at the option" of the landlord, wholly cease and determine, and the landlord shall and may re-enter, does not convert the limitation into a condition.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Summary proceedings for recovery of possession of real property by Philip B. Low and another, as executors, against Ezekiel R. Thompson. From a final order for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Harris, Corwin, Gunnison & Meyers (John H. Corwin, of counsel), for appellants.

Ezekiel R. Thompson, pro se.

MacLEAN, J. Heretofore a proceeding between the same parties was brought to dispossess the tenant for nonpayment of rent, and the dismissal of the petition was held proper on the ground that by the terms of the lease the nonpayment of rent created a condition, and that:

"Therefore the tenancy continued, even after default in payment of rent, until the landlord elected to take advantage of the option in the lease and terminate the tenancy by re-entry for condition broken." 109 N. Y. Supp. 750.

This proceeding is brought to dispossess, on the ground that the tenant is a hold-over. The proceeding was dismissed by the trial justice, following the above decision of this court, as the memorandum of the justice recites. This was improper. Recognizing the distinction between a limitation and a condition as referred to in Lyon v. Hersey, 103 N. Y. 264, 269, 8 N. E. 518, the provision for the determination of the estate herein, "to commence on the 1st day of May, 1907, and to end on the 1st day of May, 1908, at noon," must be held to be a limitation, and not a condition, for—

"where an estate is so expressly limited by the words of its creation that it cannot endure for any longer time than until the contingency happens upon which the estate is to fail, this is a limitation." Crabb's Law of Real Property, § 2135, as quoted in Beach v. Nixon, 9 N. Y. 35, 37.

The estate herein, being expressly limited in its creation, might not endure longer than the time fixed by such limitation, and may not be said to be converted into a condition because of the provisions in the lease that:

"The said party of the second part [the tenant] will quit and surrender the premises, at the expiration of said term," and "if default be made in the performance of any of the covenants and agreements herein contained, the said hiring, and the relation of landlord and tenant, shall, at the option of the parties of the first part [the landlords], wholly cease and determine; and the said parties of the first part shall and may re-enter."

The dismissal of the petition was therefore improper.

The final order is therefore reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.