Wagner, J.
The proceeding was instituted under section 2231 of the Code of Civil Procedure, authorizing the dispossession of a tenant who holds over after the expiration of his term, and the only question involved .is whether the term had expired or merely been terminated by the act of the landlord in giving notice of his election to take possession of the demised premises. The tenant occupied the premises under a one-year lease commencing October 1, 1919, the pro *633 visions of which, pertinent to this controversy, were as follows :
“ 3. That the tenant shall not assign this agreement or underlet the premises or any part thereof * * * without the landlord’s or agent’s consent in writing * * * and that she will not use or permit to be used the said premises nor any part thereof for any purpose other than that of a private dwelling apartment for herself and family only. * * *
“ 6. That in case of default in any of the covenants, the landlord may resume possession of the premises, and re-let the same for the remainder of the term at the best rent that she can obtain for account of the tenant" who shall make good any deficiency.”
The petition sets forth as the grounds for seeking the aid of the statute, and the tenant admitted, that she sublet a part of the premises to persons other than members of her family and for hire, and that on October 3, 1919, there was personally delivered to her a notice from the landlord specifying the violation of paragraph 3 of the lease and notifying her that thei landlord would take possession on the ninth instant. In other words, it was stipulated without the taking of testimony to that effect, that there had been a violation on tenant’s part of the terms of the lease, the only issue before the court being whether the tenant’s breach of the condition terminated the lease, as constituting in substance a limitation, or whether it was a breach of condition relegating the landlord to her remedy of an action for ejectment to regain possession of the premises.
The contention of the respondent advanced in the court below was that because of the tenant’s violation of the covenant against subletting her term expired upon the giving of the notice by the landlord and summary proceedings were properly maintainable. We *634 have gained from a careful reading of the trial court’s opinion in which he granted a final order of dispossession to the landlord, the impression that the decision was not based so much upon a finding that the case presented an instance of conditional limitation, as that because of the tediousness and expense attendant upon the remedy of ejectment, the tendency of the courts is to uphold and somewhat extend the right of summary proceedings to the end that issues may be' determined without delay. We think these observations of the learned trial justice are not supported by authority, and that the granting of the final order was error.
There is no provision in the lease that upon the giving of notice the lease should terminate. It expressly by its terms authorized but a right of re-entry. The breach of the condition did not under its phraseology ipso facto terminate the tenancy. Miller v. Levi, 44 N. Y. 489; Matter of Guaranty Building Co., 52 App. Div. 140; Kramer v. Amberg, 9 N. Y. 35; Martin v. Crossley, 46 Misc. Rep. 254.
Here the landlord had the option to re-enter or to continue the term of the letting in case the tenant sublet the demised premises; it was purely an optional matter with her. She might or might not have taken advantage of it, and the exercise of her option could not be an expiration of the lease by its own limitation. It is only where the lease comes to an end upon the happening of a stipulated event and is expressly then terminated, that the notice is effective, or as recently said by Lehman, J., in Waitt Construction Co., Inc., v. Loraine, 109 Misc. Rep. 527: “ But such notice is effective only where the event has occurred which gives the right to the landlord to terminate the lease. ’ ’
There can be no doubt that the above-quoted provisions of the lease did not constitute a limitation; that *635 the tenant not being a holdover, the case did not come within the provision of the statute sanctioning summary proceedings. The landlord was, therefore, remitted to her common-law remedy of ejectment if she desired to resume possession, and the court was without jurisdiction to entertain the proceeding.
The final order is reversed and the petition is dismissed, with costs to the appellant.
Guy and Finch, JJ., concur.
Final order reversed, with costs.