CHARLES G. Koss and Others, Landlords, *v.* DORA AARONT and Others, Tenants and Undertenants.

Municipal Court of New York, Borough of Manhattan, Third District, November 15, 1932.

*George Flint Warren, Jr.* [*Howard Carter Dickinson* of counsel], for the landlord.

*Glass & Lynch* [*Joseph Glass* and *Jerome Weinstein* of counsel], for the tenant and undertenants.

EDER, J. The question here involved is one of jurisdiction. The premises concerned were leased by the then owner, as landlord,

to one Aaront, as original tenant; the latter assigned to the United Stores Realty Corporation, with the consent of the then owner, the original tenant and the assignee being parties to the agreement of consent.

The basis of this proceeding is a provision in the lease to the effect that it may at the option of the landlord be declared terminated " if the tenants shall be or shall be declared to be insolvent or have been adjudicated a bankrupt."

Relying upon the force of this provision the landlord exercised this option and declared the lease terminated by reason of the insolvency and bankruptcy of the assignee-tenant United Stores Realty Corporation. This named tenant and certain undertenants challenge the jurisdiction of this court to entertain this summary proceeding on the claim that there has been no *expiration* of the demise perforce the exercise by the landlord of this option and declaration; that this quoted clause of the lease constitutes a condition subsequent and is not a conditional limitation and hence summary proceedings will not lie; that the landlord is relegated to an action of ejectment as the sole remedy to obtain possession of the demised premises.

I think the claim well grounded and that the petition and proceeding must, in consequence, be dismissed.

This proceeding is founded on section 1410, subdivision 1, of the Civil Practice Act, which authorizes summary proceedings against a tenant " When he holds over and continues in possession of the demised premises or any portion thereof after the *expiration* of his term without the permission of the landlord * * *." It is held that " The *statutory* term ' *expiration* ' does not cover a forfeiture for breach of a condition, but refers only to the expiration of the lease by lapse of time * * *." (*Matter of Guaranty Building Co.*, 52 App. Div. 140, 143.) Unless, therefore, the lease has expired by lapse of time in running the full course of the fixed demise, or by reason of expiration by limitation, which necessarily imports acceleration of the original normal expiration, I think it clear the proceeding cannot be maintained.

Hence, the basal point is whether the mentioned provision is a condition subsequent or a conditional limitation. A conditional limitation must operate *eo instanti;* that is, upon the happening of a specified contingency, *ipso facto* the demise expires. (*Burnee Corp.* v. *Uneeda Pure Orange Drink Co., Inc.,* 132 Misc. 435, Levy, J.) Illustrative cases are *Miller* v. *Levi* (44 N. Y. 489), where the lease provided that in case of a sale, the lease should end. Says the court (at p. 495): " Immediately upon the sale " there then arose a limitation of the term. " The act itself, in the

lease contemplated, to wit, a sale with notice, created the expiration." (*Morton* v. *Weir*, 70 N. Y. 247, involving a similar clause.) Says the court (at p. 249): " Upon the sale the term ended by force of the agreement."

The distinguishing characteristic is that the term ended, not by reason of any reserved option or election to terminate, but by reason of the mere happening of the event. There is no such provision here. The lease does not say that upon the mere insolvency or bankruptcy of the tenant the lease shall *ipso facto* and *eo instanti* expire, but what it does say is that it shall only terminate at the *option* of the landlord who *reserves* the right to declare the lease terminated.

Since it does not operate *ipso facto* and *eo instanti*, it is not a conditional limitation, but constitutes a condition subsequent. It will serve no useful purpose to needlessly amplify; the cases are quite in concord on the point; they discuss and analyze the prior rulings and are instructive dissertations. It will suffice for illustration, I think, to refer to the following: In *Burnee Corp.* v. *Uneeda Pure Orange Drink Co., Inc.* (*supra*) it is pointed out that " It is not the bringing of summary proceedings, even after the service of notice that the lease has expired by reason of the tenant's default, that confers jurisdiction in these circumstances. The lease must provide that the term in such an eventuality expires at a precise time after the giving of notice."

In *Riesenfeld & Co., Inc.,* v. *R-W Realty Co.* (223 App. Div. 140) the lease provided that upon the happening of a certain contingency, " the term hereby granted shall at the *option* of the landlord cease and determine, and the landlord may * * * give to the tenant notice of intention to end the term of this lease, and thereupon this lease and the term hereby granted shall immediately cease, determine and expire as fully and completely as if the day of the giving of said notice were the date herein definitely fixed for the expiration of the term, and the tenant will then quit and surrender the demised premises to the landlord."

In the instant case the language is quite parallel: " That if the tenants or any of them shall be or shall be declared to be insolvent or have been adjudicated a bankrupt * * * the landlords may at their *option*, declare the lease terminated, in which case this lease shall * * * terminate as fully and completely as if the day of such declaration were the date herein definitely fixed for the expiration of the term; and the tenants will peaceably quit and surrender the premises * * *."

In the *Riesenfeld* case, none the less, this clause was held to be a condition subsequent and not a conditional limitation, and I

perceive no ground for a sustainable distinction between that case and this with respect thereto. (See, also, *Janes* v. *Paddell*, 67 Misc. 420; *Martin* v. *Crossley*, 46 id. 254.)

If the lease had provided that in the event of the insolvency or bankruptcy of the tenant the lease should thereupon immediately cease, end and expire, and that the tenant should have a stipulated time after such expiration to remove from the premises, this would result in a conditional limitation and not in a condition subsequent. No element of option to terminate would enter, for here, *ipso facto* and *eo instanti* the demise would expire upon the happening of the event. But when the expiration is not self-executing, but is burdened with a condition of election on the part of the landlord, it constitutes a condition subsequent, not a conditional limitation.

In brief, the mere exercise of the option by the landlord under this provision to declare the lease terminated did not create a conditional limitation; it is a condition subsequent. The distinction between expiration and mere termination cannot be disregarded but must be recognized; it is both apparent and real. As said in *Matter of Guaranty Building Co. (supra)*: " The term did not expire, but was terminated by the exercise of the lessor's option to declare the lease null and void for breach in non-payment of rent. The statutory term ' expiration ' does not cover a forfeiture for breach of a condition, but refers only to the expiration of the lease by lapse of time * * *." Again: " * * * The lease was terminated, not by a conditional limitation, but by the breach of a condition and the exercise of the option of the lessor, and, therefore, summary proceedings could not be maintained."

There has been no *expiration* within the statutory term thereof, and the petition and proceeding must be dismissed.