## GVOZDANOVIC v. McCRACKEN.

No. 24326. Jan. 22, 1935.

Rehearing Denied Feb. 12, 1935.

Application for Leave to File Second Petition for Rehearing Denied April 30, 1935.

J. F. Murray, for plaintiff in error.

W. K. Moore and Ralph Haynes, for defendant in error.

PER CURIAM. The controversy here involves the right to a crop of popcorn on land covered by a five-year lease between Tom Gvozdanovic, as lessor, and H. L. McCracken, as lessee, which lease was terminated prior to the end of the term thereof by the landlord for lessee's failure to pay rent, after notice. The action was against the landlord for conversion of the crop, of which he forcibly took possession after a judgment of restitution in a justice of the peace court, to which, however, the plaintiff was not a party. There was a trial by jury, resulting in a verdict for the plain-

tiff, defendant in error here, in the sum of $422, for which judgment was rendered. Reversal is sought because "the pleadings and evidence in this case disclosed that the plaintiff sought to recover for the conversion of a crop growing upon rented premises, after the rent contract had been forfeited for nonpayment of the rents and the forfeiture established by judgment of the justice court of Ponca City district, and the court should have directed a verdict in favor of the defendant for the reason that after a forfeiture the property together with all of the growing crops thereon passed to the landlord with title to the land."

Conceding the general rule, relied on by plaintiff in error, to be that where a lease is terminated by the landlord upon condition broken by the tenant the crops belong to the landlord, the facts in the instant case afford an exception to that rule. The lease here provided that "upon any termination of this lease, second party (the tenant) shall have the right to remove any growing crops located upon said premises upon maturity thereof." It is insisted, however, that there is a distinction between "termination" of a lease and its forfeiture, and that the words "any termination" do not mean a termination by the landlord by reason of the act or default of the tenant, and which it is said would amount to a forfeiture. There is no forfeiture clause in the lease, the statute, however, providing that nonpayment of rent, after notice, shall determine the lease. Section 10902, O. S. 1931.

"The ending of a lease by the exercise of the landlord's option, after condition broken, is the termination, not the expiration, of the lease." Kramer v. Amberg, 4 N. Y. Supp. 613.

The language "any termination" is unqualified and includes an ending of the lease for any cause that would legally justify its termination. We see no reason why the parties could not lawfully enter into such a contract. Section 9467, O. S. 1931, provides:

"A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties."

It may seem harsh that a tenant who has breached the covenants of his lease is nevertheless entitled to the crops, but it is not the province of a court to change the terms of a contract.

"Its terms, however onerous they may be, must be enforced if such is the clear meaning of the language used, and the intention of the parties using that language." 13 C. J. 541.

In his reply brief plaintiff in error contends that A. McCracken, plaintiff below, was merely an employee of the tenant, H. L. McCracken, and could not sue for conversion of the crop. The question of plaintiff's right to maintain the action was not, however, urged or referred to in the original brief. That brief contains no separate specification of this alleged error, as required by Rule 10. It is urged that it was raised by the third ground of the motion for a new trial, "that the verdict is not sustained by sufficient evidence and is contrary to law," assignment of error numbered 3 being in the same language. Whether the question can be raised for the first time in a so-called reply brief, which is not a reply to anything urged in the answer brief of defendant in error on the question, and whether such question is properly raised by the assignments of error which do not specifically point out the error complained of, we need not determine, because plaintiff below was, in point of fact, the owner of the crop. Plaintiff is the father of H. L. McCracken, the lessee, and it was developed at the trial, by the cross-examination of the defendant in error, that the lessee had given his father all the crops which he might raise on the premises, as compensation for his services in the management of a dairy, presumably belonging to the son. The father was in the act of gathering the crop, after the termination of the lease, when compelled by plaintiff in error to desist and to leave the crop on the premises. Under that state of facts defendant in error is virtually in the position of a sublessee, or vendee of the crop, and would have the same right to remove it or to sue for its conversion as the lessee would have had under the terms of the lease.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. A. Davidson, Richard K. Bridges, and Lawrence Mills in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. A. A. Davidson and approved by Mr. Bridges and Mr. Mills, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a

majority of the court, this opinion was adopted.