Arthur Waohtel, J.
The lessee landlord moves to strike this case from the Jury Calendar. The tenant makes a cross motion to dismiss the petition pursuant to rule 106 of the Rules of Civil Practice. Obviously, if the motion to dismiss prevails, there is no need to consider the motion to strike the case from the Jury Calendar.
The question arising upon the motion to dismiss is whether the provisions of the lease constitute a condition subsequent or a conditional limitation. If they constitute a condition subsequent, then the motion to dismiss must be granted.
The provisions of the lease are as follows:
“ The landlord may cancel this lease for any reason whatsoever during its term, providing:
‘ ‘ A. That it give the tenant 90 days written notice to that effect mailed to the tenant by registered mail to his above address, and
“ B. That the landlord pay the tenant $50.00 for each and every month of the unexpired term of this lease.”
The landlord is bringing these proceedings upon the ground that the tenant is holding over after expiration of his term (Civ. Prac. Act, § 1410). If the clause in question effectuates a termination of the lease merely by notice and subsequent lapse of time without any further act on the part of the landlord, then this constitutes a conditional limitation and the proceedings will lie, but if the service of the notice and subsequent lapse of time do not automatically terminate the lease but some additional affirmative act on the part of the landlord is required, then it is not a conditional limitation but a condition subsequent and the proceedings will not lie. The distinction was early set forth in Miller v. Levi (44 N. Y. 489, 494) wherein the court stated: ‘ ‘ This distinction in estates granted by deed is thus illustrated in Crabb on Real Property, §§ 2135, 2136; 55 Law Library, 524: ‘ When an estate is so limited by the words of its creation that it cannot endure for any longer time than until the contingency happens upon which the estate is to fail, this is denominated a limitation, as when land is granted to a man so long as he is parson of Dale, or so long as he continues unmarried, or the like. In such case the estate determines as soon as the contingency happens, that is, when he ceases to be parson of Dale, or marries. On the other hand, where the estate is expressly granted upon condition in deed, as to be void upon payment of £40 by the grantor, * * *57 or that the grantor goes to York, etc., the law permits it to endure beyond the time of the contingency happening, unless the grantor take advantage of the breach of condition by making entry, etc.’ ” (See, also, Martin v. Crossley, 46 Misc. 254; Matter of Guaranty Bldg. Co., 52 App. Div. 140; 6th Ave. & 24th St. Corp. v. Lyon, 193 Misc. 186; Hayman v. Butler Bros., 196 Misc. 641.) The quotation from Crabb on Beal Property, in the opinion of the Court of Appeals in Miller v. Levi (supra), is particularly apt in respect of the facts of this case. The notice alone was not sufficient to terminate the tenancy by the provisions of the lease. In addition to the notice and the lapse of time provided in the notice, the landlord was required to pay the tenant $50 for each and every month of the unexpired term of the lease. This was an additional act upon the part of the landlord which was required in order to effectuate a cancellation or termination of the lease. The landlord contends that payments for the unexpired term of the lease need not be made until the surrender of the premises by the tenant. This, however, is not what the lease provides nor may the landlord attempt to utilize the provisions of the lease which must be strictly construed in order to compel a surrender of the premises by the tenant. The lease provides for a condition subsequent which has not been performed.
Accordingly, motion to dismiss is granted. In view of this determination, the other points raised do not require consideration of the court and the motion to strike the case from the Jury Calendar becomes academic.