<hr/>

(3 Misc. Rep. 509.)

### MANHATTAN LIFE INS. CO. v. GOSFORD.

(Common Pleas of New York City and County, General Term. May 1, 1893.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS.
   Where a lease for a year provides that, if the landlord shall at any time deem the tenancy undesirable, then the tenant will render up peaceable possession of the premises to the landlord after two months' notice in writing, the landlord may, on the tenant's failure to comply with such notice, maintain summary proceedings for the possession of the premises, under Code Civil Proc. § 2231, providing that such proceedings may be maintained when the tenant continues in possession "after the expiration of his term without the permission of the landlord." Kramer v. Amberg, (Com. Pl. N. Y.) 4 N. Y. Supp. 613, distinguished.

2. SAME—NOTICE OF TERMINATION OF LEASE.
   The landlord was not bound to assign any ground for deeming the tenancy undesirable.

3. SAME—AUTHORITY OF PRESIDENT OF CORPORATION.
   Where the landlord is a corporation, and the notice given was signed by its president, the landlord's authorization of the notice is sufficiently shown by the adoption of the notice for the purpose of summary proceedings.

Appeal from second district court.

Summary proceedings by the Manhattan Life Insurance Company, landlord, against Charles A. Gosford, tenant, to recover the possession of land, under Code Civil Proc. § 2231. From a final order in favor of the landlord, the tenant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

John A. Foley, for appellant.
Artemus H. Holmes, for respondent.

BISCHOFF, J. The lease was of a room designated as the "north subbasement office of the building numbers sixty-four and sixty-six Broadway, extending through to, and being, number nineteen New street, known as the 'Globe Building,' in the city of New York," and was originally for one year, commencing May 1, 1891, to May 1, 1892, but, by mutual agreement, extended for one further year.

Among other things it provided "that, if the landlord shall at any time deem the tenancy undesirable, then the tenant will vacate the premises, and render up peaceable possession thereof to the landlord, after two months' notice, in writing, to be left in or upon said premises, but for the two months covered by said notice the tenant shall not be required to pay any rent." On December 1, 1892, the landlord caused the following notice to be served on the tenant:

"Dear Sir: The Manhattan Life Insurance Company, your landlord, and owner of premises Nos. 64 and 66 Broadway, and No. 19 New street, part of which you occupy as tenant, hereby requests you to render up peaceable possession therof on the first day of February, 1893, pursuant to the terms of your lease.

"Very truly yours,                    Henry B. Stokes, President."

The tenant failed to vacate the premises upon expiration of the time limited in the notice, and thereupon the landlord instituted proceedings to recover possession, upon the ground that the tenant continued in possession after expiration of the term, without its consent.

The provision in the lease for notice by the landlord operated to limit the duration of the tenant's estate. It did not create a condition subsequent, for the tenant's breach of which the landlord could re-enter, and thus recover his former estate. The case at bar is therefore clearly distinguishable from Cramer v. Amberg, (Com. Pl. N. Y.) 4 N. Y. Supp. 613, cited by appellant's counsel. In that case the general term of this court held that the breach of a condition subsequent by the tenant does not, of itself, operate to determine the demised estate; that such a result is attainable only by the landlord's re-entry for breach of the condition; that without such re-entry the term cannot be said to have expired; and hence that, for breach of a condition subsequent, summary proceedings to recover possession of the demised premises, under the provisions of section 2231[1] of the Code of Civil Procedure, cannot be maintained on the ground that the tenant continues in possession after expiration of the term. Here, however, the lease is, in effect, that it shall endure for one year, unless sooner determined by service of the landlord's notice in writing, in which event the term demised shall expire upon the lapse of two months from the time of service of the notice. In such a case no condition is violated, but the term expires, of its own limitation, upon the happening of the event provided for. Re-entry is not required to reinvest the landlord with the right to immediate possession, and summary proceedings to recover it are maintainable. Miller v. Levi, 44 N. Y. 489.

The landlord's authorization of the notice of its president to the tenant to surrender the premises is sufficiently shown by the adoption of the notice, for the purposes of these proceedings, and its reference to the provisions of the lease apprised the tenant that the landlord no longer desired to continue the tenancy. Nor was the landlord bound to assign any ground for deeming the continuance

---

[1] Code Civil Proc. § 2231, provides that a tenant may be removed by summary proceedings when he continues in possession thereof, "after the expiration of his term, without the permission of the landlord."

of the tenancy undesirable. The lease did not circumscribe the landlord's discretion in that respect by requiring that it should proceed from sufficient grounds, and why it deemed the continuance of the tenancy undesirable is therefore immaterial. Werner v. Bergman, 28 Kan. 60. The order should be affirmed, with costs.