(11 Misc. Rep. 351.)

SIMPSON et al. v. MASSON.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. TENANCY FROM MONTH TO MONTH—NOTICE TO QUIT.
    The character of a tenancy from month to month is not changed by the promise of the landlord to give "due notice" to quit, due notice being the five-days notice prescribed by Laws 1882, c. 303. Hoffman v. Van Allen 22 N. Y. Supp. 369, distinguished.

2. SAME—PROOF OF SERVICE—SUMMARY PROCEEDINGS.
    Service of notice to quit may be proved by common-law evidence, and therefore affidavit of service of notice need not be attached to petition in summary proceedings.

3. SAME—SERVICE OF ORIGINAL OR COPY.
    Service on a monthly tenant of the five-days notice to quit may be made on delivery of the original. Posson v. Dean, 8 Civ. Proc. R. 177, distinguished and doubted.

4. SAME—WHO MAY MAKE SERVICE.
    Act 1889, providing that notice shall be served in like manner as a summons, relates to the way in which, and the person on whom, the notice is to be served, and not to the person who shall serve it, and therefore does not require service by a marshal or person duly deputized by the justice.

5. APPEAL—BRIEFS—STATEMENT OF POINTS.
    A point in appellant's brief which refers merely to certain pages of the testimony, without stating when the questions were asked or answers excluded, or any reason for any error in respect to them, is too indefinite to raise any question as to the admission and exclusion of the evidence.

Appeal from district court.

Summary proceedings by James Simpson and another against Marie Masson. From a final order in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Nathan Lewis, for appellant.
Arthur D. Williams, for respondents.

BOOKSTAVER, J. The landlords commenced summary proceedings to recover the possession of certain premises described in the petition, alleging that the tenant was a monthly tenant. The answer denied a monthly hiring, and alleged that the hiring was not by the month, but that the landlords were to give six months' notice before they would take possession of the place. The appellant strenuously contends that she, having an established business, would not, in the nature of things, be content to hire a place from month to month. But the written lease introduced in evidence by the landlords shows beyond controversy that the first hiring by the tenant in April, 1890, was for the term of one month only, for it expressly says that the hiring was "for the term of one month, to commence on the 1st day of May, 1890, and end on the 1st day of June, 1890, and from month to month only thereafter, at the monthly rent," etc. There is not a particle of evidence in the case that the tenant at any time thereafter sought or procured any change of the terms of the first agreement until May, 1894. This fact of itself overcomes the force of appellant's

contention.　It shows that, whatever others might have wished in such case, she was content with a monthly hiring.　But she contends that a new agreement was made in May, 1894, and testifies that she had a conversation with the landlords' collecting agent relative to the length of time she could continue to occupy the premises, as she had heard that the landlords intended tearing them down and rebuilding, and the agent said he would ascertain and communicate with her; and that thereafter he came back and stated to the defendant that the landlords would give her six months' notice before they would take possession of the place.　And in this latter statement she is to some extent corroborated by a witness produced by her.　The landlords' witness Ross testified that the tenant "told me in May, 1894, that she was afraid they would pull down the building, and she would have to look for another house; that he said he didn't know anything about it, but that he would ascertain; that he saw Mr. McCormick, who said that there was a prospect of them building this year, and, if they should, they would know six months beforehand, and, if they did, they would give the tenant due notice."　This raised a direct conflict of evidence, and it was within the province of the judge who had charge of the proceedings to determine where the truth lay; and from an examination of all the testimony on this point we think that his decision was correct, and that, instead of the landlords' agent promising to give six months' notice of the termination, he only promised to give due notice.　It appears from the evidence that on September 21, 1894, Mr. McCormick, the landlords' financial agent, called upon the tenant, and told her that the landlords wanted the premises from the 1st of October.　She did not vacate, and upon October 23d a notice to quit was served upon her, and these proceedings were thereafter duly instituted.　The tenancy, as found by the judge on quite sufficient evidence, was from month to month.　The statement that the landlords would give due notice did not change its character.　Chapter 357, Laws 1889, amending chapter 303, Laws 1882, provides that at least five days' notice to quit shall be given to a monthly tenant.　Due notice is therefore five days' notice.　The notice was served upon October 23d, demanding possession of the premises on November 1st, thereby eight days' notice instead of the five required by law.　Besides this, the tenant had been informed of the landlords' wishes a month before, but refused to comply with them.　The cases cited by appellant were mostly decided before the enactment of chapter 303, Laws 1882.　Insurance Co. v. Gosford, 3 Misc. Rep. 509, 23 N. Y. Supp. 7, is not in point.　Hoffman v. Van Allen (Com. Pl.) 22 N. Y. Supp. 369, is clearly distinguishable in that the tenant failed to show that the letting was for a term of one month, as was the case in these proceedings.

It is objected that the justice erred in permitting the landlords to put in oral proof of the service of the notice to quit, there being no affidavit of service attached to the papers.　We can find no provision of law requiring an affidavit of service of such a notice to be attached to the petition, and it was held in People v. Walsh, 13 Wkly. Dig. 440, and also in Posson v. Dean, 8 Civ. Proc. R. 177, which will be more particularly noticed hereafter, that such an affidavit was

not evidence, and that the service of such a notice had to be proved by competent common-law evidence. The oral proof was therefore not only properly admitted, but was essential to the proof of the landlords' case.

It is further objected that the length of notice was not sufficient, and it was argued that the tenancy was one at will, and required 30 days' notice. But, as before shown, it was clearly a tenancy from month to month, and was terminable on five days' notice. It is idle to contend that six months was required under the justice's finding.

Appellant also contends that there was no proof of service on the tenant of the five-days notice as required by the statute. There is some confusion in the testimony as to whether the five-days notice that was served was signed by James Simpson only or by Simpson, Crawford & Simpson, and also whether the original or a copy was served upon the tenant. But we think there is quite sufficient proof in the case to warrant the justice in finding, as he did, that a proper notice of five days was served upon the tenant, and that it was duly signed by the landlords, Simpson, Crawford & Simpson. It is true that two papers were produced before the justice, but he had the right, and it was his duty, upon the evidence, to determine which was served.

It is further objected to the notice that if any paper was served signed by Simpson, Crawford & Simpson, the landlords, it was the original, and not a copy, and was therefore void; and Posson v. Dean, supra, is cited in support of this contention. But that case only determined that where the three-days notice of demand for rent was required it had to be made by serving a copy, and not the original. The five-days notice in the case of a monthly tenancy is under an entirely different provision of law, and we cannot conceive how the tenant could have been in any way injured or misled by the service upon her of the original, if the original was served instead of a copy. Even in the case of a three-days notice of demand of rent, we very much doubt whether the decision in Posson v. Dean is correct. Section 2231, relied upon in support of the position, merely provides for the service of the three-days notice as prescribed by section 2240 for the service of a precept; that is, it relates to the time and manner of service, rather than to the thing to be served, and surely is a wide difference between a notice and a precept. There can be but one original of a single precept, while there may be many copies of a notice, and, in the sense required in these sections, we think the original itself may be regarded as such copy. At any rate, the tendency of the courts of late years has been to disregard mere technicalities, where it is evident that no harm could have arisen by reason of their omission.

A further objection is made to the service of the five-days notice in that it was not served by either the landlords or any agent of theirs. It is, however, clear from the testimony that it was served by some one having authority from the landlord, which certainly makes him an agent within the meaning of the statute. What one does by another he does himself. The contention that this notice to quit must be served by a marshal or a person duly deputized or em-

powered by the justice to do so, is futile. The service of this notice was not in any way a court proceeding, nor subject to the regulations in regard to district courts. The act of 1889, providing that the notice shall be served in the same manner as a summons, relates to the way in which and the person upon which the notice is served, and not to the person who shall serve it.

The point made by appellant's counsel on his brief as to the admission and exclusion of evidence, is altogether too indefinite and uncertain, especially in view of the fact that he did not argue any of them orally on this appeal. It merely refers to certain pages of the testimony, without stating what questions were asked or answers excluded, or any reason for any error in respect to any of them. We, however, have examined the record carefully, and find that the references in the brief to some of the pages must be wholly inaccurate, as there are no exceptions at all on such pages. The question, "Did you make any agreement as to the renting of the premises?" was improperly admitted, but the subsequent testimony, showing what was said, and the introduction of the agreement, sufficiently cured the error. The admission of this written agreement was also objected to on the ground that the allegation in the precept was that the rent was from October 1 to November 1, 1894, and was immaterial. The paper was evidence of the original agreement to lease, and also that the letting was from month to month thereafter. It was therefore material to show the character of the tenancy at its inception, which continued down to the time these proceedings were brought, as determined by the justice. McCormick, the landlords' agent, was asked whether he took care of these proceedings for the plaintiffs, and defendant excepted to its exclusion. We think it was immaterial, and it has not been pointed out in what way it was material, or how it could have injured the tenant.

The motions for the dismissal of the proceeding at the close of the landlords' case, and for an order in tenant's favor at the close of the testimony, were properly denied, as we have before shown. The landlords made out a prima facie case, and the tenant's testimony raised a conflict of evidence, which it was the province of the justice to determine, and we are fully satisfied that his determination was correct. The final order should therefore be affirmed, with costs. All concur.