### SCHWOERER v. CONNOLLY.

#### (Supreme Court, Appellate Term. June 13, 1904.)

1. LANDLORD AND TENANT—LEASE—CONSTRUCTION—RIGHT OF LANDLORD TO TERMINATE TENANCY.

A lease for a term of years stated that it was "subject to the conditional limitations hereinafter stated," and it was stipulated in the next paragraph that the occupation of the premises by the tenant and his family as a strictly private dwelling apartment was an especial consideration for the granting of the lease, and that the landlord expressly reserved the right to terminate the same on five days' written notice. *Held*, that the landlord's right to terminate the lease was dependent on a change in the character of the tenant's occupancy, and could not be arbitrarily exercised without such change.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Proceedings by Anthony Schwoerer, as landlord, against Louis C. Connolly, as tenant. From a final order and warrant of dispossess, the tenant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Gilroy, Maher & Gilroy, for appellant.

Frank Thorn, for respondent.

FREEDMAN, P. J. The tenant in these proceedings held a lease for a term of 3 years and 15 days, from April 15, 1903, to May 1, 1906, and was dispossessed in March, 1904, upon the ground that he was holding over after the expiration of his term. The landlord's contention was—and he was supported therein by the decision of the trial court—that under the terms of the lease he had a right to terminate it on giving five days' notice, and without cause shown. The only question to be settled by this appeal is the proper construction of the first paragraph of the lease.

The lease first recites that the tenant takes from the landlord—

"Subject to the conditional limitations hereinafter stated, the third apartment on the third floor * * * to be occupied as a strictly private dwelling apartment by his family, consisting of himself, wife, child, and servant, and not otherwise."

Then, after stating the sum fixed upon as rental, and time of its payment, there follows this clause:

"And it is expressly understood and agreed upon the part of said tenant that the occupation of said demised premises by himself and family and the character of the occupancy thereof as above expressed is an especial consideration and inducement for the granting of this lease to him by said landlord who expressly reserves to himself the right and privilege to at any time terminate the same upon service on tenant of at least five days' previous notice in writing of intention so to do, and upon the expiration of said notice so served this lease and the term thereby granted and demised shall cease and terminate, and be at an end and said landlord or his assigns shall thereupon be entitled to the immediate possession of said premises and have and enjoy same again as of his former estate and interest therein, anything hereinbefore contained to the contrary hereof in any wise notwithstanding; this provision being intended by the parties hereto as a conditional limitation and to be so construed in all litigations and proceedings concerning it."

Upon the trial no evidence of change in the occupation or character of the occupancy was given, and the rent for the month of March, 1904, had been paid in advance.

The defendant offered no testimony, but preserved his rights by a motion for a dismissal at the close of plaintiff's case upon the ground that there was no evidence of the change of occupation, and that the conditional limitation is based upon that. We think this motion should have been granted. The construction put upon the terms of the lease by the landlord is unwarranted, and gives no force or effect whatever to the phrase, "subject to the conditional limitations hereinafter stated," and the other portions of the lease above quoted. The lease was given by the landlord and accepted by the tenant "subject to certain conditional limitations." "Limitation" means restric-

tion, and "conditional" has reference to a situation, state, or external circumstances. The limitations contained in the lease restricted the tenant to the use of the premises as a strictly private dwelling, to be occupied by himself, wife, child, and servant, and not otherwise. Upon the continuance of this situation depended his right to remain in the premises, and the right of the landlord, after the giving of five days' notice mentioned in the lease, to dispossess the tenant, was dependent upon a change in these conditions; that is to say, a change in the occupation or character of the occupancy. In other words, the right is given to the landlord to terminate the lease upon but five days' notice, upon failure of the tenant to perform the condition imposed upon him of keeping the premises for the same occupants and the same purposes as rented. Any other construction would deprive the words "conditional limitation" of any meaning, as used in the lease, and would give the landlord an unconditional, absolute, and arbitrary right to dispossess his tenant without cause, express or implied. There is a marked dissimilarity between the terms of the lease in this case and the terms of the lease in the case of Manhattan Life Ins. Co. v. Gosford, 3 Misc. Rep. 509, 23 N. Y. Supp. 7, relied upon by the respondent herein. In the latter case the lease provided "that if the landlord shall at any time deem the tenancy undesirable," and it was there held that the landlord need give no reason for deeming the tenancy undesirable. The language used therein is quite similar to that frequently used in a chattel mortgage, in which the mortgagee reserves the right to take possession of the mortgaged property, and sell the same at either public auction or private sale, "if he shall at any time deem himself unsafe," and in such cases it has been frequently held that the mortgagee can act according to his rights therein given at any time without giving any ground therefor. But it will be noted that in the use of such language there is no limitation whatever. As Mr. Justice Bischoff, in his opinion in Manhattan Life Ins. Co. v. Gosford, supra, says, "The lease did not circumscribe the landlord's discretion by requiring that it should proceed upon sufficient ground." In the case at bar the whole lease must be read together, and the intent of the parties gathered therefrom. No harsh or strict construction should be given thereto, when by a fair and reasonable one exact justice can be done between the parties; and it is not fair to presume that the tenant intended to bind himself to the restricted use of the premises as a strictly private dwelling apartment for but four persons for a term of over three years, and at the same time confer upon the landlord the absolute right to terminate the lease without cause after five days' notice.

Final order reversed. New trial ordered, with costs to the appellant to abide the event. All concur.