WAITT CONSTRUCTION COMPANY, INC., Appellant, *v.* JEANNE LORAINE, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1919.)

Summary proceedings — sufficiency of petition — lease — undesirable tenant — appeal — evidence.

The authorities which hold that summary proceedings may not be brought to dispossess a tenant for breach of a condition of the lease do not apply to a summary proceeding brought after the termination of the lease upon the giving of a written notice as provided for therein.

A lease not only provided that " if the landlord shall at any time deem objectionable or improper or undesirable the conduct of the tenant or any occupant of the demised premises, the landlord may at his option terminate this lease by giving the tenant a written notice of five days of an intention to terminate the lease," but it was also agreed in and by the lease, that said provision should be interpreted to mean that the character of the tenancy was to be decided entirely by the landlord and that it should not be necessary for the landlord to prove in what way the tenant's conduct had been objectionable. In a summary proceeding to dispossess the tenant for holding over and continuing in possession of the premises without the permission of the landlord after the expiration of the term, the trial justice, upon holding that said provisions of the lease were conditions and not limitations, dismissed the case upon the pleadings. *Held,* error.

Where the petition alleged that under a notice given September 25, 1919, to terminate the lease which by its terms would end on September 30, 1919, and that the parties entered into a written lease for the term of October 1, 1919, to September 30, 1920, and continued thereunder upon the terms of the original leasing, the petition is sufficient to show that the new lease was merely an extension of the old one, subject to the same terms, and the extended term would expire whenever the tenancy was terminated as provided by the lease.

Although the landlord in reliance upon the clause of the lease that "the character of the tenancy is to be decided entirely by the landlord and that it shall not be necessary for the landlord to prove, etc.," alleged in its petition that the new lease continued under the terms of the original agreement, it appeared as matter of fact that said clause was inserted only in the new lease and was not a part of the terms of the original tenancy. *Held,* that assuming said clause did not apply to the tenancy existing on September 25, 1919, the landlord was not required to state either in its petition or in the written notice the ground upon which it deemed the tenancy undesirable.

Where though the petition alleged that the tenancy had expired because notice had been given to the tenant on September 25, 1919, it was a fair inference from the allegations that the notice was in fact given because the landlord deemed the tenant's conduct undesirable, the failure of the petition to so allege was not a jurisdictional defect and the dismissal of the proceeding on erroneous grounds cannot be sustained.

APPEAL from an order of the Municipal Court of the city of New York, fifth district, borough of Manhattan, dismissing a proceeding brought by the landlord in summary proceedings to dispossess the tenant.

Frederic H. McCoun, for appellant.

Thomas J. Stapleton, for respondent.

LEHMAN, J. The landlord has brought summary proceedings against his tenant on the ground that she holds over and continues in possession of the leased premises without the permission of the landlord, after the expiration of her term. The petition alleges that on or about the 21st day of April, 1919, the landlord entered into an agreement with the tenant whereby the tenant hired certain premises for the term of October 1, 1919, to September 30, 1920, "and continued thereunder under the terms of the original agreement the term ending on October 1, 1919 at 8 A. M. o'clock,

as hereinafter stated.  \* \* \* That the term for which the premises were hired by said tenant has expired for the reason that paragraphs ' 14th ' and ' 23rd ' of the above mentioned lease provide as follows:

" ' 14th.  In the event of the breach of any condition or covenant herein, or if the landlord shall at any time deem objectionable or improper or undesirable the conduct of the tenant or any occupant of the demised premises, the landlord at his option terminate this lease by giving the tenant a written notice of five (5) days of an intention to terminate the same.  In the event of such an election and the giving of such notice the term hereof and the right of possession of the tenant hereunder shall expire five (5) days after the giving of such notice.  The tenant agrees to yield up and surrender to the landlord peaceable possession of the demised premises five (5) days after the giving of such notice.

" ' 23rd.  It is further agreed that that part of clause 14 which reads ' Or if the landlord shall at any time deem objectionable or improper or undesirable the conduct of the Tenant or any occupant of the demised premises, the Landlord may at his option terminate the lease by giving the Tenant a written notice of five (5) days of an intention to terminate the same ' shall be interpreted to mean that the character of the tenancy is to be decided entirely by the Landlord, and that it shall not be necessary for the Landlord to prove in what way the Tenant's conduct shall have been objectionable or improper or undesirable, the same being entirely a matter to be decided by the Landlord and upon the Landlord's decision to be binding.'

" That the Tenant holds over and continues in possession of said premises without the permission of the said Landlord after the expiration of the said Tenant's

Appellate Term, First Department, December, 1919.   [Vol. 109.

term therein, inasmuch as a notice of five (5) days was given to the Tenant in the manner prescribed by the lease on September 25, 1919.''

When the case came up for trial, the trial justice dismissed the complaint upon the pleadings, holding '' that this particular clause in the lease gives no right to maintain summary proceedings.'' The trial justice apparently held that the clauses of the lease upon which the landlord relied create a condition and not a limitation and that under the authority of the case of *Kramer* v. *Amberg,* 15 Daly, 205, and *Beach* v. *Nixon,* 9 N. Y. 35, summary proceedings cannot be brought to dispossess a tenant for breach of a condition of the lease. These cases have no application to summary proceedings brought after termination of a lease upon the giving of a written notice, as provided in the lease under consideration. This distinction has been clearly pointed out in the case of *Manhattan Life Ins. Co.* v. *Gosford,* 3 Misc. Rep. 509, where the clause under consideration was almost identical in language with the clause in the present case, and that case has been followed in the case of *Martin* v. *Crossley,* 46 Misc. Rep. 254, and approved in the case of *Schwoerer* v. *Connolly,* 44 id. 222, and in *Matter of Guaranty Building Co.,* 52 App. Div. 140.   See, also, *Miller* v. *Levi,* 44 N. Y. 489.

The tenant, however, maintains that even though summary proceedings would lie where the tenant holds over without the permission of the landord after a lease has been terminated by reason of notice given under this section, the petition in this case is defective on other grounds. The petition was verified on the 1st day of October, 1919. The notice of termination of the lease was given on September 25, 1919, and the term expired under that notice on September 30, 1919. The petition alleges that the parties hereto entered

into an agreement in writing for the lease of the premises for the term of October 1, 1919, to September 30, 1920, and it is plain that the landlord cannot claim that a tenant is holding over after the expiration of a term, when such term had not even begun at the period when it is alleged it was terminated. It would appear, however, that the allegation that the parties under this agreement continued " under the terms of the original agreement, the term ending on October 1, 1919, at 8 o'clock as hereinafter stated " is sufficient to show that the new lease was merely an extension or continuation of the old lease subject to the same terms, and the extended term would expire whenever the tenancy was terminated as provided in the terms of the lease. In this regard, therefore, the petition seems to me technically sufficient.

Another defect which the tenant claims exists in the petition is that it fails to set forth in what manner the tenant's conduct was undesirable. Apparently the landlord failed to set forth any particulars because he was relying on the clause that " the character of the tenancy is to be decided entirely by the landlord and that it shall not be necessary for the landlord to prove in what way the tenant's conduct shall have been objectionable or improper or undesirable, the same being entirely a matter to be decided by the landlord, and upon the landlord's decision to be binding," but from the colloquy of counsel at the trial it is doubtful whether this clause can be applied in the present case. Although the petition alleges that the new lease continued the term ending on October 1, 1919, at eight o'clock A. M. under the terms of the original agreement it would appear from the statement of the landlord's counsel that as a matter of fact this particular clause was inserted only in the new lease and was not part of the terms of the original tenancy. Obviously if that

clause does not apply to the tenancy existing on September twenty-fifth the landlord could obtain no rights thereunder on the date when the notice was served. Nevertheless, even if we assume that this clause had no application to the tenancy then existing, the landlord was not required to state, either in his petition or in his notice, the ground upon which he deemed the tenancy undesirable. In the case of *Manhattan Life Ins. Co.* v. *Gosford, supra,* the court held that under the terms of a lease which did not contain any clause similar to clause 23 in this case, but did contain a clause similar to clause 14, which is conceded to be part of the original lease, the landlord's discretion was unfettered, and he was not bound to assign any ground for deeming the continuance of the tenancy undesirable, and in the subsequent case of *Schwoerer* v. *Connolly, supra,* the court approved that decision and fortified it by citation of principles which are well established in regard to analogous contracts. The petition, therefore, seems to me sufficient also in this respect.

It seems to me that the most serious objection to the petition has not in fact been raised by the tenant. While the petition need not allege the grounds upon which the landlord deemed the tenancy undesirable, it should in my opinion have alleged that he did deem it undesirable. It is true that the lease is terminated, not by reason of any breach of condition which operates upon the lease, but by reason of the notice (*Martin* v. *Crossley, supra*), but such notice is effective only where the event has occurred which gives the right to the landlord to terminate the lease, and in the present case that event is that he deems objectionable or improper or undesirable the conduct of the tenant. It may well be that the landlord need not show that

in fact the tenancy was undesirable or that he had any reasonable grounds for deeming it undesirable, and yet since his option to terminate the lease arises only if he deems the tenancy undesirable, he should be required to allege and prove this fact. On the other hand, this defect in the petition, if it exists, does not seem to me jurisdictional. It does allege that the tenancy has expired, because a notice was given to the tenant in the manner prescribed by the lease on September 25, 1919, and it is fairly inferable from the allegations of the petition that the notice was in fact given because the landlord deemed the tenant's conduct undesirable. Since the defect, if any, in the petition was not jurisdictional, the dismissal of the complaint based on erroneous grounds cannot be sustained for that reason. Final order should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR and WAGNER, JJ., concur.

Final order reversed and new trial ordered, with thirty dollars costs to appellant to abide event.