Guy, J.
On this appeal by the tenant from a dispossess order the main point to be determined is whether a covenant in a written lease for a term of years providing that if the landlord shall thereafter deem the tenant an undesirable one, it may terminate the lease upon giving the tenant written notice of its intention so to do, clothes the landlord with power to arbitrarily treat the lease as a tenancy at will, and, by declaring the tenant undesirable and notifying him to that effect, terminate the lease, whether such declaration and notice are made and given in good faith or as a mere subterfuge for the obtaining of an increased rental for the demised premises. On the trial the tenant conceded the making of a written lease containing such a covenant. The landlord then called as a witness one of its officials, who testified to the passage of a resolution by the landlord at a regularly called meeting declaring that the landlord deemed the tenant undesirable, which resolution was introduced in evidence; and the official then further testified that the landlord deemed the tenant undesirable. On cross-examination of this witness the tenant’s counsel, with the announced purpose of showing lack of good faith in the landlord in the passing of the resolution and the giving of notice, asked the witness a series of questions to the following effect: Whether he had heard any complaints about the tenant; upon what facts or information the landlord acted in passing the resolution declaring the tenant undesirable; whether there was any discussion at all *367 before the board of directors of the landlord corporation which resulted, in the resolution as to the undesirability of the tenant — all of these questions were objected to as incompetent and immaterial, and were excluded, with an exception to the tenant. The landlord then rested, and the tenant’s counsel moved to dismiss the complaint on the ground that the landlord had failed to prove any facts to sustain the petition and particularly any facts which would warrant the court in holding that the landlord in good faith or upon any facts or grounds exercised the right under the provisions of the lease to deem the tenant an undesirable tenant. The motion was denied, the court stating that he based his ruling on the decision of the Appellate Term in Waitt Construction Co., Inc., v. Loraine, 109 Misc. Rep. 527. The tenant’s counsel then stated: “ I desire to call the tenant. The object in calling the tenant is to show such a state of facts from which no reasonable man and no landlord could elect to deem the tenancy of this tenant an undesirable tenancy.” The court then said: “ If that is your object, I will not allow any proof offered for that purpose, ’ ’ to which ruling the tenant excepted. The tenant was then called and testified that he had been in possession of the premises about eighteen months, was still in possession, and that he had paid the rent promptly each month at the first of the month; he was then asked whether any complaints had been made against him, directly or indirectly; whether the landlord of the premises, its agents or assigns, at any time made any complaint or objection or expressed any opinion that his tenancy was undesirable, either by word of mouth or letter or otherwise; whether the last witness (defendant’s official) called on him and asked an increased rental from him; whether said official stated to the tenant that unless he agreed to pay *368 an increased rental, notwithstanding that his lease did not expire until September, 1920, he would bring a proceeding to dispossess the tenant. All of these questions being objected to as incompetent and immaterial were excluded by the court, with an exception to the tenant. The tenant then renewed the motion to dismiss the petition, which was denied.
We are of the opinion that it was reversible error to exclude the testimony sought to be brought out by the questions asked on cross-examination of the landlord’s witness and on the direct examination of the tenant, with the announced purpose of showing lack of good faith on the part of the landlord.
The learned trial court in basing its decision on the opinion of the Appellate Term in Waitt Construction Co., Inc., v. Loraine, supra, appears to have misconstrued said opinion. The court in that case held that the landlord having failed to allege and prove that it in good faith deemed the tenant undesirable, had failed to make out a cause for the granting of the petition, but did not hold that upon sufficient evidence the question of good faith should not be left to the jury, or that proof of lack of good faith on the part of the landlord was inadmissible. An analogous case was presented in Oppenheimer v. Moore, 107 App. Div. 301, where it was provided in a mortgage that a mortgagee might take possession of the mortgagor’s property if he should at any time deem said property unsafe. The court held that the mortgagee could only act thereunder when his determination to the effect that he deemed the property unsafe was made in good faith. See also Oswego Falls Pulp & Paper Co. v. Stecher Litho. Co., 146 App. Div. 241; Beck v. Only Skirt Co., 176 id. 867, 869; Folliard v. Wallace, 2 Johns. 395; Miesell v. Globe Mut. Life Ins. Co., 76 N. Y. 115, 119; Duplex Safety Boiler Co. v. Garden, 101 *369 id. 387; Doll v. Noble, 116 id. 230; Hummel v. Stern, 21 App. Div. 544; affd., 164 N. Y. 603.
In Simon v. Etgen, 213 N. Y. 595, the court say: “ Every contract implies good faith and fair dealing between the parties;” and again, “ The courts always avoid, if possible, any construction of a contract that is unreasonable or inequitable, and especially one that will place one of the parties at the mercy of the other.”
In ordering a reversal, we deem it our duty to construe leases of the character of the lease in question in order that the respective rights of landlords and tenants thereunder may be clearly defined. “ In the construction of written contracts it is the duty of the court, as near as may be, to place itself in the situation of the parties, and from a consideration of the surrounding circumstances, the occasion and apparent object of the parties, to determine the meaning and intent of the language employed. Indeed, the great object, and practically the only foundation of rules for the construction of contracts is to arrive at the intention of the parties.” Gillet v. Bank of America, 160 N. Y. 549, 555. In construing a lease, “ It is a well-established canon of interpretation that in seeking for the intent of parties the fact that a construction contended for would make the contract unreasonable and place one of the parties at the mercy of the other may be properly taken into consideration.” Schoellkopf v. Coatsworth, 166 N. Y. 77, 84.
We think the rule is clearly this in construing the effect of leases containing an undesirability clause similar to the clause contained in the lease herein: the landlord in making out his prima facie case must allege and prove that he deemed the tenant undesirable. The tenant is entitled to introduce competent proof tending to show that in so alleging and in bring *370 ing the proceeding the landlord has not acted in good faith, and upon the introduction of such proof an issue of fact is presented for the jury, which if decided in favor of the tenant requires a final order for the tenant. In determining this issue proof as to whether the landlord had reasonable ground for deeming the tenant undesirable is relevant and material.
Final order reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.
Bijur and Mullan, JJ., concur.
Final order reversed, and new trial ordered, with thirty dollars costs to appellant to abide event.